## MAKRAUER v. BOARD OF ADJUSTMENT, CITY OF TULSA, et al.

No. 32744. April 27, 1948.

*193 P. 2d 291.*

Samuel H. Minsky and John W. McCune, both of Tulsa, for plaintiff in error.

Chas. R. Bostick, Remington Rogers, and A. M. Widdows, all of Tulsa, for defendants in error.

Hardin Ballard, of Purcell, amicus curiae.

WELCH, J. The matters in controversy involve the zoning ordinances of the city of Tulsa. This is an appeal from a judgment of the district court of Tulsa county sustaining the action of the Board of Adjustment and of the Building Inspector of the city of Tulsa in denying the plaintiff in error (hereinafter referred to as applicant), a certificate of occupancy or permit to use certain real estate in said city for a stated purpose. Applicant's real estate was located in a U-3 zone or commercial class zone under the city zoning ordinance. Prior to December 4, 1945, sec. 4, Title 32, Tulsa Revised Ordinances, was in force and effect. That section classified the desired use as being a commercial use, and under the general zoning ordinance and section 4, supra, the applicant would have been

entitled to the permit and certificate of occupancy as applied for.

On December 4, 1945, and on December 11, 1945, the board of commissioners of the city of Tulsa adopted Ordinances Nos. 5022 and 5027 which amended the general zoning ordinance and changed the same by transferring from the U-3 zone, or commercial use zone, to the U-4 or industrial use zone, the specific use or business which applicant desired to install on his premises, so that under said amendatory ordinances the applicant was not entitled to use his premises for the specific business use, and therefore his application was denied.

The question here is as to the validity of the amendatory ordinances Nos. 5022 and 5027 supra. If those amendatory ordinances are invalid, as applicant contends, then the trial court judgment was erroneous, while if those amendatory ordinances are valid, then the trial court did not err. The exact question is whether the city of Tulsa had power and authority to enact those amendatory ordinances without notice and hearing and without following specified procedure in amending its general zoning ordinance.

In 1923 the Legislature passed a building, zoning, and city planning law, chap. 178, page 301, 11 O. S. 1941 §§401-410. Section 401 authorizes municipalities to enact zoning regulations. Section 402 authorizes division of the municipality into zoning districts and regulation and restriction of the erection, construction, or use of buildings, structures, or land. Section 404 provides that no regulation, restriction, or boundary shall become effective until after a public hearing and at least fifteen days' notice in an official paper. Section 405 provides that the provisions of section 404 relative to public hearings and official notice shall apply equally to all changes or amendments.

Immediately thereafter the city of Tulsa adopted its general zoning ordinance, Title 32, Tulsa Revised Ordinances. This general zoning ordinance substantially copied the state zoning act and in addition thereto divided the city of Tulsa into numerous zones and stated the uses applicable to each such zone. In drafting and adopting this general zoning ordinance the city followed the provisions of the State Zoning Act as to notices, hearings, recommendations and the like, and that general zoning ordinance contained a provision quite similar to section 405 of the State Zoning Act; that provision in the ordinance being section 35 thereof providing in material substance, or in part, as follows:

"The regulations, restrictions, prohibitions and limitations imposed, and the districts herein created, may be amended, supplemented, changed, modified or repealed, from time to time by ordinance, but no such change shall be made without public notice and hearing and filing of a report and recommendation upon such proposed ordinance by the City Planning Commission. . . ."

In further explanation of the character of notice referred to in the aforesaid section 35, the Tulsa general zoning ordinance provided in section 37 in material part as follows:

"Public notice of any hearing shall be deemed to have been given when a notice setting forth the general purpose of any such hearing and the time and place thereof shall have been published at least fifteen days before the date set for such hearing in an official newspaper of the City of Tulsa. . . ."

It is conceded here that the amendatory ordinances numbered 5022 and 5027, supra, were adopted without any character of notice or hearing.

On behalf of the city it is contended that said ordinances were passed in compliance with the requirements of the city charter, that is, the requirements as to the passage of ordinances generally, and therefore that said amendatory ordinances are valid without compliance with the specific procedure required by the State Zoning

Act, and by the general zoning ordinance of Tulsa. That is, it is contended that the city of Tulsa, being a charter city, had the charter power to pass any and all ordinances, including zoning ordinances, without state statutory restrictions in the passage and adoption thereof.

The foregoing contention in behalf of the city is based upon the legal philosophy that the charter is the supreme law of the city, and that its provisions are controlling in the case of conflict between such provisions and the provisions of state statute. Numerous authorities are cited in support of this legal theory. We make no further reference to such authorities other than to say that we are mindful of that legal theory and acquiesce therein, but we do not accord to such authorities the full application here contended for.

We are not cited to any provisions of the charter of Tulsa referring to the zoning of such city, or to the passage and adoption of zoning ordinances or other ordinances restricting the manner and purpose for which a citizen of that city may use and occupy real property which he owns therein.

It is doubtful that the city would undertake to provide by charter that its zoning ordinances could be adopted in the first instance, or amended from time to time, without restriction, and without hearing or notice. At any rate it has not done so. The value of the zoning plan depends to some extend upon permanence and continuity and the very nature of such a plan would seem to prohibit, or at least strongly discourage, the thought of constant change in this or that detail, or the right to change or amend without some provision for notice, or formality of procedure so as to have due regard for the rights of owners of property directly affected, and owners of adjacent property. The zoning plan in final operation and effect is a restriction upon the use of real property or a taking from the property owner of his unfettered right to use his property in any legitimate way he desires. While the zoning plan is very important, and perhaps absolutely necessary in cities, for the general welfare, it is also highly important to the individual property owner. And the very nature of the plan would strongly argue that in the first instance the zoning of the city should not be accomplished without notice and hearings, and that thereafter amendments and changes should not be made without similar procedure, or at least some character of notice and hearing.

While, of course, it must be contemplated that changing conditions and change of circumstance would require change in zoning plans from time to time, the same may well be accomplished in an orderly and deliberate manner upon notice and hearing.

Prior to 1923 it does not appear that the city claimed the right and power to pass and enforce general zoning ordinances. It definitely appears that the city of Tulsa, in adopting its general zoning ordinance, proceeded on the theory that its power to zone the city came from the State Zoning Act. It is clear that the general zoning ordinance was drafted, considered and adopted, in rather strict compliance with the terms of the State Zoning Act; and since that zoning ordinance itself, as well as the State Zoning Act, provided the procedure for the adoption of amendments, it would seem that amendatory ordinances should only be adopted in compliance therewith and upon notice or hearing, and that we should so hold unless compelling authority and reason to the contrary is shown.

In Bacon v. Wimmer, 130 Okla. 289, 267 P. 261, we held:

"Where a city charter contains no provisions relative to paving, the general paving law of the state governs."

In several cases this court has stated that the power of cities in Oklahoma to pass zoning ordinances came from and by the State Zoning Act of 1923. In re Dawson, 136 Okla. 113, 277 P. 226;

Weaver v. Bishop, 174 Okla. 492, 52 P. 2d 853; Beveridge v. Harper & Turner Oil Trust, 168 Okla. 609, 35 P. 2d 435, and Amis v. Bryan Petroleum Corp., 185 Okla. 206, 90 P. 2d 936. See, also, McCurley v. City of El Reno, 138 Okla. 92, 280 P. 467.

It is urged that we should now disapprove or depart from those statements in former decisions, but we are not so persuaded.

In this state it is well demonstrated, by the statutory provisions and decisions above noticed, and by the action taken in various cities, that zoning of property use is to be accomplished by deliberate planning, and upon notice with opportunity for hearing. Such procedure is of vital importance in the beginning of zoning in any city, and is but little less important as to future changes by amendment. Such requirement does not prevent changes by amendment, and need not prevent the making of reasonable change at any time and with desirable promptness, but such requirement would seem to provide reasonable and desirable safeguards. That is evidenced by the fact that zoning is undertaken in the first instance, only upon such procedure, and that both statutory and ordinance provision set out in detail that change and amendment shall be accomplished only in the described manner as to notice and opportunity to be heard.

We observe defendants' contention that "City cannot bind itself by ordinance not to do what it may by ordinance do," City, etc., v. Bossie (Colo.) 266 P. 214. In our view that rule is not violated by provision in the original zoning ordinance that change and amendment thereof may only be made after reasonable notice and hearing. That provision neither prohibits future ordinance action by the board of commissioners, nor unreasonably burdens, hinders or delays such future action.

We have observed the cited decision in Brougher v. Board of Public works (Cal.) 271 P. 487, but for factual differences we do not consider it persuasive authority on the exact question before us.

Likewise, in the Kentucky case, Fowler v. Obier, 7 S. W. 2d 219, we observe the holding that the city of Louisville had charter power, upon adaptable procedure, to institute zoning of the city in the absence of state legislation authorizing zoning and providing specific procedure therefor. We deem it unnecessary to analyze that decision or the charter provisions involved, as that is not the exact question here.

We conclude that when the city of Tulsa accepted and made application of its zoning power as based upon the state statute above noticed, and instituted its zoning in exact compliance therewith, and by its own ordinance followed the statutory provisions for future amendment only upon prescribed notice, that such amendment could only be accomplished by substantial compliance with such requirement. It therefore follows that the amendatory ordinances Nos. 5022 and 5027, adopted without any character of notice or hearing, were ineffective to amend the overall zoning ordinance of the city of Tulsa.

Reversed.

HURST, C.J., DAVISON, V.C.J., and CORN, GIBSON, ARNOLD, and LUTTRELL, JJ., concur. BAYLESS, J., dissents.