VOIGHT v. SAUNDERS et al.

No. 34875.   April 15, 1952.

*243 P. 2d 654.*

Joseph A. Moran, Tulsa, for plaintiff in error.

A. M. Widdows, Edmund Lashley, and Randall G. West, Tulsa, for defendant in error.

John B. Durfee, Tulsa, for interveners.

GIBSON, J.   This action involves questions as to the validity of three ordinances enacted by the board of commissioners of the city of Tulsa, namely: Ordinance No. 5024, which counsel, in their briefs, have designated Ordinance No. 1 for convenience; Ordinance No. 5150, designated Ordinance No. 2; and Ordinance No. 5270, designated Ordinance No. 3. For clarity we shall indicate in parentheses the designations employed by counsel.

In 1923 the Ninth Legislature passed a building, zoning, and city planning law. S. L. 1923, c. 178, p. 301; Tit. 11 O. S. 1951, §§401-410.   Thereafter the city of Tulsa adopted its general zoning ordinance Title 32, Tulsa Revised Ordinances, wherein residential prop-

erty was given the classification of U-1 and business property was classified U-3.

Plaintiff was the owner of certain property in Zone U-1 and desired to erect a business building thereon.

On December 4, 1945, the board of commissioners of Tulsa pursuant to the provision of the above statutes and the Revised Ordinances of the city, providing for notice and a public hearing by the city planning commission and following a recommendation by that body, enacted Ordinance No. 5024 (1), the pertinent parts thereof being as follows:

"Section 1. That the North 150 feet of the East 255 feet of Lot 25, and the East 135 feet of the North 150 feet of Lot 26, and the West 135 feet of the North 150 feet of Lot 26, all in Harter's Second Subdivision of the City of Tulsa, Oklahoma, be, and the same are hereby rezoned from a U-1 Classification to a U-3 Classification.

"Section 2. That in the event improvements on said property by the owners are not substantially begun within nine (9) months from this date, said property shall revert to its original zoning classification of U-1."

There is no question raised by any party as to the legality of notice given and a public hearing had in the enactment of this ordinance.

No improvements having been commenced plaintiff requested an extension of six months from the time allowed in the above ordinance.

On July 26, 1946, the board of commissioners enacted with the emergency clause Ordinance No. 5150 (2), the pertinent part of which provided:

"Section 1. That section 2 of Ordinance No. 5024, passed and approved December 4, 1945, be, and the same hereby is, amended to read as follows:

"Section 2. That in event improvements on said property by the owners are not substantially begun prior to March 4, 1947, said property shall revert to its original zoning classification of U-1."

With reference to this ordinance no notice of hearing was given and no public hearing was had by the city planning commission.

In December, 1945, Harley S. Lundy and twenty-seven other property owners filed suit in district court against the city of Tulsa et al., attacking the validity of Ordinance No. 5024 (1), and seeking its annulment. No trial of said action was had until April 1, 1947, when a district judge of Tulsa county entered an order declaring said ordinance had expired and no improvements having been commenced that the property involved herein was restored to its zoning of U-1.

Eleven days after said order was entered the board of commissioners enacted Ordinance No. 5270 (3). Said ordinance declared the involved property to be rezoned from a U-1 classification to the classification U-3. No time was fixed for the commencement of improvements and there was no reversion clause. No notice was given and no public hearing was had with respect to this ordinance. Plaintiff requested the issuance of a new building permit, which was refused in accord with an opinion by the city attorney, and this action in mandamus was commenced.

Defendants and interveners contend that neither Ordinance No. 5150 (2) nor No. 5270 (3) are valid because of lack of notice or public hearing, and they say that the invalidity exists whether said ordinances are to be considered as new ordinances or as amendments to Ordinance No. 5024 (1) which was a valid ordinance under which this property was zoned for a restricted residential use.

We must uphold this contention.

In Makrauer v. Board of Adjustment, City of Tulsa, 200 Okla. 285, 193 P. 2d 291, this court was considering similar amendatory, rezoning ordinances of Tulsa. Therein we reviewed the state statutes and the Revised Ordinances of Tulsa, and we struck down rezoning ordinances which had been en-

acted without notice or hearing. We said:

"By virtue of 11 O. S. 1941, secs. 401-410 and the general zoning ordinance of the city of Tulsa enacted pursuant thereto, Title 32, Tulsa Revised Ordinances an amendatory ordinance changing the zoning regulations and restrictions may be adopted only after the specified formalities including notice and hearing.

"Ordinances Nos. 5022 and 5027 of the City of Tulsa adopted December 4, and December 11, 1945, respectively, are invalid for lack of power in the board of commissioners to adopt the same without compliance with required formalities including notice and hearing."

The Makrauer case was cited with approval by the Supreme Court of Arizona in Wood v. Town of Avondale, 72 Ariz. 217, 232 P. 2d 963, wherein it was held that notice was necessary before passage of a zoning ordinance under the laws of that state.

The trial court held that both of the above mentioned ordinances were invalid and denied the writ of mandamus. The judgment must be affirmed.

The ordinances giving the involved property a classification as Zone U-3, being void, there was no legal duty enjoined upon the city building inspector to issue the requested permit, and mandamus will not lie to compel its issuance. It is well established that mandamus will not lie as against a public officer unless that officer is under a clear legal duty to perform the act for which mandamus is sought. Tit. 12 O. S. 1951 §1451; State Highway Commission v. Green-Boots Const. Co., 199 Okla. 477, 187 P. 2d 209.

Plaintiff says that he made a written offer to the commission wherein he agreed to pave a portion of Columbia avenue and to build a bridge thereon at his own expense if the city would grant his request to zone his property for business without a time limit, and that the city accepted his offer and such improvements were made by plaintiff. That thereupon Ordinance No. 5270 (3) was enacted. That the city of Tulsa having accepted the benefits of his work and expenditures is estopped to deny the validity of said zoning ordinance.

Nowhere in plaintiff's pleadings did he assert an estoppel nor did he allege facts that would constitute an estoppel. Estoppel was not an issue before the trial court, although evidence of the above mentioned offer and performance by plaintiff was admitted.

"Estoppel must be specially pleaded before available to a party relying thereon." Edwards v. Central Life Assur. Society, 179 Okla. 584, 66 P. 2d 939.

See, also, Blakeney v. Home Owners' Loan Corporation, 192 Okla. 158, 135 P. 2d 339.

Even if estoppel had been pleaded the facts in this case were not sufficient to create an estoppel against the city. City officers by their acts and conduct cannot estop the city from the prosecution of its public affairs such as zoning, since zoning is affected with public rights. James, County Treasurer, v. State ex rel. Finney, etc., 160 Okla. 99, 15 P. 2d 591; Foote v. Town of Watonga, 37 Okla. 43, 130 P. 597.

Affirmed.

HALLEY, V. C. J., and WELCH CORN, DAVISON, JOHNSON, O'NEAL, and BINGAMAN, JJ., concur.