John W. HIGGINBOTHAM, Mrs. Erwin Akin, O. J. LaFevers, Sylvanus G. Felix, Floyd A. Harrison, Mary F. Garrett, and R. L. Bass, Plaintiffs in Error,

v.

CITY OF THE VILLAGE, Oklahoma; Eugene L. Bumpass, City Manager-City Clerk of said City; Fred W. Blagg, Mayor and City Councilman of said City; Walter Wigley, Building Superintendent of said City; and Doctor O. Alton Watson, Defendants in Error.

No. 38983.

Supreme Court of Oklahoma.

April 11, 1961.

192

Felix, Griffin, Bowman, Templin & McIntyre, Oklahoma City, for plaintiffs in error.

Wayne Quinlan, Oklahoma City, for defendants, City of The Village, Oklahoma; Eugene L. Bumpass, City Manager-City Clerk of said City; Fred W. Blagg, Mayor and City Councilman of said City; and Walter Wigley, Building Superintendent of said City.

Bulla, Melone, Meister & Sheehan, Oklahoma City for defendant, Dr. O. Alton Watson.

IRWIN, Justice.

One of the defendants in error, O. Alton Watson, is the owner of a tract of land located at the northwest corner of the intersection of Britton Road and Waverly Avenue in the City of the Village. This is an action to enjoin the City of the Village, its officers and employees from issuing any building or occupancy permit applicable to "B-1" Local Commercial Zoning on the tract and to enjoin O. Alton Watson, his agents, attorneys, contractor and assigns from applying for or receiving any building or occupancy permit applicable to "B-1" Local Commercial Zoning, and from commencing any improvement on the tract or from using it for any purposes other than for "A-1" Single Family Dwelling purposes.

Judgment of the trial court was in favor of the defendants and plaintiffs appeal. The parties will be referred to as they appeared in the trial court.

On May 20, 1959, at the request of defendant Watson, the City of the Village annexed the tract in question and the tract automatically became zoned for "A-1" Single Family Dwelling purposes. On May 26, 1959, Watson filed an application with the City to rezone the tract from "A-1" single family to "B-1" local commercial. Notice was published by the City that the application was filed and that it had been set for hearing on June 16, 1959, at which time action would be taken by the City and that all interested parties might appear and be heard.

The application was referred to the Planning Commission and without a published notice that it would consider it, the Planning Commission passed a motion to rezone the tract from "A–1" to "B–1". Thereafter, the City pursuant to its published notice, conducted a public hearing, heard various protestants and adopted Ordinance No. 116, which rezoned the Watson tract from "A–1" single dwelling to "B–1" local commercial. Plaintiffs subsequently brought this action.

■ We will first consider plaintiffs' contention that the rezoning ordinance is invalid for the reason the Planning Commission did not give notice before it passed the motion to rezone the tract. In this connection, plaintiffs contend that notice of hearing was not given and that the meeting was private; that they and the public had no opportunity to know and did not know of such hearing and were not able to protest; that public notice and hearing were necessary before the Planning Commission could act and since neither was had, Ordinance No. 116, based upon the action and report of the Planning Commission, is invalid. Plaintiffs cite Title 11 O.S.1951 §§ 406 and 423, and also Ordinance No. 49 and 54 of the City.

Section 406, supra, provides for public hearings by the Zoning Commission, which in this instance is the Planning Commission, after due and proper notice prior to its final report, with its recommendations to the legislative body (City Council) on the original and comprehensive zoning ordinance. However, the zoning ordinance in question is not an original and comprehensive zoning ordinance but a rezoning ordinance. Although Title 11 O.S.1951 § 405, does require official notice and public hearings before the legislative body (City Council) of a municipality can amend or repeal its zoning ordinance, Section 405 or 406, do not require the Zoning Commission (Planning Commission) to give official notice before it passes upon an application to rezone a tract. Nor do we find any provision in Sec. 423, supra, or ordinances 49 and 54,

which require official notice before action can be taken by the Planning Commission in matters pertaining to rezoning.

Plaintiffs rely on Makrauer v. Board of Adjustment of City of Tulsa, 200 Okl. 285, 193 P.2d 291; and Voight v. Saunders, 206 Okl. 318, 243 P.2d 654, to sustain their theory. These cases are distinguishable and not applicable to the facts under consideration. Those cases involve rezoning ordinance enacted by the City of Tulsa (the legislative body) and not the Planning Commission, without official notice and public hearing which is in direct contravention of the statutory provisions and the City Charter of Tulsa. In the instant case, the legislative body (City of the Village) gave official notice and had a public hearing before consideration and adoption of the rezoning ordinance in question.

Inasmuch as no official notice was necessary before the Planning Commission could pass upon the rezoning application, we can not sustain plaintiffs' contention that the rezoning ordinance was invalid because of failure of the Planning Commission to give official notice.

■ We will now consider plaintiffs' contention that the rezoning was not made pursuant to a comprehensive plan as required by Title 11 O.S.1951 § 403. In this connection plaintiffs contend the City should have a written comprehensive plan in addition to the zoning ordinance and in support thereof cite cases from other states involving amendatory ordinances and are cases involving what is known as "spot zoning". Plaintiffs do not cite nor has independent research disclosed any Oklahoma cases holding that it is necessary to have a separate, written comprehensive plan or document, and we do not construe the cases cited by the Plaintiffs to so hold. However, we believe the case of Kozesnik v. Montgomery Township, 24 N.J. 154, 131 A.2d 1, correctly sets out what constitutes a comprehensive plan. This case construes Title 40:55, Section 30, Revised Statutes of New Jersey, which statute is almost word for word the same as Title 11 O.S.1951

§ 403. In that case, the New Jersey Supreme Court held:

"A 'comprehensive plan' may be validly enacted in an ordinance itself without the comprehensive plan existing in some physical form outside such ordinance."

and in the body of the opinion it is stated:

"There has been little judicial consideration of the precise attributes of a comprehensive plan. Harr, 'In Accordance With a Comprehensive Plan', supra, (68 Harv.L.Rev. 1154). Our own decisions emphasize that its office is to prevent a capricious exercise of the legislative power resulting in haphazard or piecemeal zoning. Speakman v. Mayor and Council of Borough of North Plainfield, 8 N.J. 250, 256, 84 A.2d 715 (1951); Raskin v. Town of Morristown, 21 N.J. 180, 198, 121 A.2d 378 (1956). Without venturing an exact definition, it may be said for present purposes that 'plan' connotes an integrated product of a rational process and 'comprehensive' requires something beyond a piece-meal approach, both to be revealed by the ordinance considered in relation to the physical facts and the purposes authorized by R.S. 40:55-32. Such being the requirements of a comprehensive plan, no reason is perceived why we should infer the legislature intended by necessary implication that the comprehensive plan be portrayed in some physical form outside the ordinance itself. A plan may readily be revealed in an end-product—here the zoning ordinance—and no more is required by the statute."

Inasmuch as Section 403, which relates to comprehensive planning does not require that such plan be a written instrument, separate and apart from a zoning ordinance, we conclude and hold that the zoning map and the zoning ordinance, when considered together, substantially meet the statutory requirements.

Plaintiffs' contentions that the rezoning ordinance is invalid in that it disregards the character of the district or area and the property values therein and that good planning requires shopping centers be at section lines and there is no trade demand for such a center on this tract and the same is not commercially feasible, will be considered together. In this connection, plaintiffs contend that the statute requires reasonable consideration of the "character of the district" and "the value of buildings"; and that the Planning Commission, City Council and trial court disregarded the evidence of the character and the best interest of the neighborhood and the commercial feasibility of a business establishment on this tract.

This Court recently considered an amendatory zoning ordinance in Oklahoma City et al. v. Barclay et al., (Dec. 1960) 359 P.2d 237, 238, wherein we held:

"When the validity of a municipal zoning ordinance is challenged, it is the courts duty to determine if such ordinance is a reasonable exercise of its legislative powers under the zoning statutes, or whether such ordinance is an arbitrary, unreasonable and capricious exercise of such powers."

In the Oklahoma City v. Barclay case, supra, we discussed In re Dawson, 136 Okl. 113, 277 P. 226; Beveridge v. Harper & Turner Oil Trust, 168 Okl. 609, 35 P.2d 435; and Fletcher v. Board of County Commissioners of Oklahoma County, Okl., 285 P.2d 183. These cases sustain the general rule that when the validity of a legislative classification for zoning purposes *is fairly debatable,* the legislative judgment must be allowed to control and this Court will not substitute its judgment for that of the legislative body.

In the Oklahoma City v. Barclay case, supra, we had this to say:

"The 'fairly debatable' rule is not a rule applicable to mere words or expressions of opinions, but is applicable to the basic physical facts which would make each zoning ordinance

stand or fall on the pertinent basic physical facts involved. It then becomes necessary to examine the record and determine what were the basic physical facts when the amendatory ordinance in question was adopted by the City."

The basic physical facts are: The tract in question is located at the northwest intersection of Waverly Avenue and Britton Road in the City of the Village; Britton Road is a section line and is a paved, four-laned, east-west thoroughfare; Waverly Avenue is a two-lane road extending north and south; there is a business establishment on the south side of Britton Road opposite the tract in question and several commercial establishments on Britton Road west of the tract; at Pennsylvania and Britton Road which is one-half mile to the west, there is a large shopping center known as "Casady Square"; further west there is a shopping center known as "Puddin Lane".

Oklahoma City joins the City of the Village on the east, with Waverly Avenue as the dividing line; approximately two weeks prior to trial, Oklahoma City rezoned property two blocks east of the Watson tract for commercial purposes; there are several business establishments on Britton Road between the tract in question and Western Avenue which is one-half mile to the east; immediately east of Western Avenue is a shopping center which was the business district of the City of Britton before it became a part of Oklahoma City.

Britton Road is rapidly changing from a residential street to a commercial thoroughfare and many blocks have been completely commercialized.

█ Without question, whether the tract in question should have been rezoned from "A-1" Single Family District to a "B-1" Local Commercial District, presented a fairly debatable issue. Under such circumstances the legislative judgment must be allowed to control and this Court will not substitute its judgment for that of the legislative body unless that body has acted in an arbitrary, unreasonable or capricious manner. We find and hold that such action was not arbitrary, unreasonable or capricious and therefore affirm the judgment of the trial court.

Affirmed.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JOHNSON and BERRY, JJ., concur.