PETLIN ASSOCIATES, INC., A CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. TOWNSHIP OF DOVER, A BODY CORPORATE, *ET ALS.*, DEFENDANTS-RESPONDENTS.

Argued December 3, 1973—Decided February 20, 1974.

*Mr. Laurence A. Hecker* argued the cause for appellants.

*Mr. Robert V. Paschon* argued the cause for respondent (*Messrs. Paschon & Grunin,* attorneys).

The opinion of the Court was delivered by

SULLIVAN, J.   This is a zoning case.  The trial court struck down certain amendments to the Township of Dover's Comprehensive Zoning Ordinance which amendments had the effect of rezoning the area in which plaintiff's property was located from a limited highway commercial use to a hospital-medical service zone.  The Appellate Division affirmed in an unreported *per curiam* opinion.  This Court granted certification.  63 *N. J.* 566 (1973).

Plaintiff is the owner of Lots 17 and 18 in Block 409 in the Township of Dover.  The tract is on the north side of State Highway 37 and has approximately 747 feet of frontage thereon.  The property is diagonally across from Community Memorial Hospital which is located on the south side of State Highway 37.  Plaintiff entered into negotiations for the acquisition of both lots, which were separately owned, in the latter part of 1970 and actually acquired title to lot 17 by deed dated December 31, 1970.  On the same date, it entered into a contract to purchase Lot 18 and thereafter ac-

quired title on April 23, 1971. The combined purchase price of both lots was $225,000.

The Township of Dover had enacted a Comprehensive Zoning Ordinance on or about May 9, 1967 (Ordinance 965). By this ordinance the property in question was zoned R–150 (residential).

On July 27, 1967, Ordinance 975 was adopted enlarging the permitted uses in a limited part of the R–150 zone by allowing professional and business offices as well as the retail sale of specified goods and the provision of certain services therein. Included in the area affected by the amendment was Lot 18.[1] The record indicates that the purpose of the amendment was to permit the construction and operation of a retail furniture store on Lot 18. However, the store was never built and apparently none of the land in question was commercially developed. Another amendment to the Comprehensive Zoning Ordinance was adopted in September 1968 establishing a hospital-medical service zone, (Ordinance 1034), and placing the hospital tract on the south side of the highway in the newly created zone.

On December 10, 1970, plaintiff filed an application for a special-use permit for a supermarket on Lot 18. In February 1971, it withdrew the application and on April 16, 1971 applied for a building permit for Lot 18 and a portion of Lot 17 to construct a department store, a conforming use in this part of the R–150 zone under Ordinance 975. No municipal action was taken on plaintiff's application for a building permit. Indeed, three days prior thereto on April 13, Ordinance 1162 had been introduced on first reading having as its object the repeal of Ordinance 975. The proposed ordinance was referred to the Township Planning Board which ap-

---

[1]The amendment by its terms applied to that part of the R–150 zone where it abutted State Highway 37, "north side only, on Lot 18, Block 409 and the land lying easterly thereof to the westerly side of Toms River for a depth of 350 feet." The area in question extended some 1900 feet along the north side of the highway.

proved its adoption but also recommended that the area affected by Ordinance 975 be rezoned hospital-medical service, the same as the zone plan on the opposite or south side of State Highway 37.

On May 11, 1971, Ordinance 1162 was enacted repealing Ordinance 975 and thereby restoring the entire R-150 zone to its original residential status. At the same meeting an ordinance, later to become Ordinance 1177, was introduced to rezone the north side of Highway 37 from Lot 18 easterly to the Toms River to a hospital-medical service zone. The Planning Board ultimately approved the proposed rezoning after certain recommended changes had been made and on July 27, 1971 Ordinance 1177 was adopted by the Township's governing body. This latter ordinance: (1) added some restrictions on the permitted uses in the hospital-medical service zone,[2] and (2) included the north side of Highway 37 area in such zone. The result of the foregoing was to prevent Petlin Associates from going ahead with its department store plans for Lots 17 and 18. The instant suit then ensued charging that the zone changes effected by Ordinances 1162 and 1177 were arbitrary and capricious and not in furtherance of any of the legitimate purposes of zoning.

Following a plenary hearing, the trial court, in an oral opinion, sustained plaintiff's contentions and found that the challenged zoning changes were manipulations hastily enacted for the sole purpose of blocking plaintiff's proposed use and were not in furtherance of comprehensive planning. It found the Township had not followed the recommendation of its

---

[2]Under Ordinance 1177 the uses permitted in the hospital-medical service zone are: (A) hospitals, not privately owned or operated; (B) office buildings for medical or dental clinics; (C) offices or buildings used and occupied by fraternal organizations; (D) specified hospital and medical oriented uses if a part of and contained in a medical or dental arts building complex. Privately owned or operated hospitals, nursing homes and convalescent centers when licensed by the State of New Jersey are permitted as a "Special Use."

own planning expert[3] and had capitulated to protestors rather than adhere to principles of sound zoning.

The final judgment "reinstated" Ordinance 975 and ordered that defendants accept plaintiff's application for a building permit and site plan approval for a department store and determine said application under the provisions of said ordinance. As heretofore noted, the Appellate Division affirmed substantially for the reasons set forth in the trial court's opinion.

We agree with the findings and conclusions of the trial court that the zoning changes affecting the property in question were not in furtherance of sound comprehensive zoning and that the acquisition of Lots 17 and 18 by plaintiff and its intended use thereof precipitated the enactment of Ordinance 1162 and Ordinance 1177. The record demonstrates that no real consideration was given to how the property would fit into an integrated and comprehensive zone plan, but rather that the various enactments were designed to affect only the use of plaintiff's property, *i. e.*, inverse spot zoning. *Speakman v. Mayor and Council of North Plainfield,* 8 *N. J.* 250, 255 (1951). The expansion of the hospital-medical service zone to the north side of Highway 37 is questionable on its face. The record indicates that the State plans to make State Highway 37 a four-lane divided road in this area, making the integrated use of both sides of the highway difficult. As heretofore noted, the Township's planning engineer had recommended that the expansion of the hospital-medical service zone take place on the south side of Highway 37, the same side on which Community Memorial Hospital is presently located. In light of the above, we agree with the

---

[3]Mr. Ernst, the Township Planning Engineer, had originally recommended to the Planning Board that the Township's future hospital and medical needs could be met by expanding the hospital-medical service zone on the south side of Highway 37. He had also recommended that the area in question on the north side of Highway 37, be zoned medical-professional which would permit offices for other professions, as well as the medical profession.

trial court that the enactments of Ordinance 1162 and Ordinance 1177 were invalid.

Our difficulty with the trial court's decision is that it "reinstated" Ordinance 975 thereby restoring limited business and commercial uses for the area in question. While the legality of Ordinance 975 was not directly in issue, the evidence presented at trial demonstrated that it also amounted to spot zoning and had the same inherent legal infirmities as the two later ordinance changes.

The Township had adopted a Comprehensive Zoning Ordinance on May 9, 1967. There had been a prior zoning ordinance. The new comprehensive zone plan was undoubtedly the result of an overall study of proper land use. About a month later, Ordinance 975 was introduced. As heretofore noted, this ordinance made substantial changes in the uses permitted in a limited part of the R–150 zone and was adopted to accommodate the erection of a retail furniture store on Lot 18. Plaintiff's own planning expert testified that it was a mistake to have altered the zone plan to accommodate this proposed use. "As a planner I would resign if we were trying to tailor a zoning ordinance for one use. That is not the way zoning is intended * * *."

The trial court's rollback of the zoning changes affecting the area in question was incomplete. While the result was to put the property back in the R–150 (residential) zone, the reinstatement of Ordinance 975 resurrected the preferential spot zoning for the north side of Highway 37.[4] The trial court, on its own initiative, should have also struck down Ordinance 975.

However, this result would not be fully satisfactory either since the area would then revert to a residential use under the 1967 Comprehensive Zoning Ordinance. It was generally agreed at trial that this part of the north side of Highway 37

---

[4]At trial the Township's attorney stated that if anything was spot zoning it was Ordinance 975.

is no longer suitable for purely residential development. Defendants' expert testified that he had recommended a medical-professional classification, whereas plaintiff's expert felt that it would be more advantageous to have doctors' offices on the same side of Highway 37 as the hospital. He thought that the front part of plaintiff's property on the highway should be thought of in terms of commercial and office use and that compatibility could be built in with the various planning tools and devices that are available, thereby actually enhancing the neighborhood. Both experts agreed that there should be some kind of buffer protecting the existing residential areas behind this sector.

We conclude that an equitable resolution of the problem can be achieved by affording the Township a period of 90 days to rezone the area to a valid and appropriate use. *Cf. Newark, etc. Cream Co. v. Parsippany-Troy Hills Twp.*, 47 *N. J. Super.* 306, 331 (Law Div. 1957). We do not mean to indicate what would or would not be the proper zone plan. This is the province of the governing body of the Township subject to the considerations set forth in *N. J. S. A.* 40:55-32. The matter should be given careful study so that whatever zoning is selected, it will become an integral part of a rational and comprehensive plan. See, *Rathkopf, The Law of Zoning and Planning* (3d ed. 1972), Chap. 9. In this connection the possible expansion of the hospital-medical service zone on the south side of the highway would be a valid consideration since it was shown that there is a growing need for additional hospital and medical facilities in the area. Of course, any proposed changes in the zoning plan would have to be first submitted to the Township Planning Board. *N. J. S. A.* 40:55-35.

For the reasons heretofore stated, the judgment of the Appellate Division is modified and the matter remanded to the trial court for entry of judgment: (1) invalidating Ordinance 975 as well as Ordinances 1162 and 1177, and (2) directing the Township to rezone the area in question within

a period of 90 days or such further time as the trial court may allow for good cause shown.

*For modification and remandment*—Acting Chief Justice JACOBS, Justices HALL, SULLIVAN, PASHMAN and CLIFFORD and Judges CONFORD and COLLESTER—7.

*Opposed*—None.