HON. CHARLES J. WERGER Town Attorney, Sand Lake
This is in response to your letter wherein you ask for an opinion of the Attorney General as to whether the Town Board of the Town of Sand Lake may, by resolution, extend the efficacy of an ordinance for six months when such ordinance rezoned a specific area conditioned on the commencement of construction of a mall in such area within one year. The specific question you ask is:
 "Did the Town Board possess the basic power to grant an additional extension and if so, was the extension properly granted by resolution rather than by a further change to the basic town Zoning Ordinance by the granting of a new and further change of the property classified from residential to commercial?"
Town Law, §§ 261 and 262 empower a town board, by ordinance, to provide for zoning regulations and districts.
The procedure for adopting zoning ordinances is enumerated in section264 of the Town Law, which provides in part:
 "The town board shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established and enforced, and from time to time amended, supplemented or changed. However, no such regulation, restrictions or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard. At least ten days' notice of the time and place of such hearing shall be published in a paper of general circulation in such town * * *." (Emphasis supplied.)
Section 265 of the Town Law regarding amendments to zoning ordinances, provides in part:
 "Such regulations, restrictions and boundaries may from time to time be amended, supplemented, changed, modified or repealed by ordinance. * * * The provisions of the previous section relative to public hearings and official notice shall apply equally to all changes or amendments." (Emphasis supplied.)
In Barry v Town of Glenville, 8 N.Y.2d 1153 (1960), the Court held an attempted amendment to a zoning ordinance to be ineffectual when there was a failure to comply with Town Law, §§ 264 and 265. (See, also,Benigno v Cohalan, 49 A.D.2d 871 [2d Dept. 1975].)
Town Law, § 265 expressly provides that all zoning amendments be effectuated by ordinance. The Court, in Stiriz v Stout, 210 N.Y.S.2d 325, 327 (Supreme Court, Suffolk County, 1960), held that such requirements may not be circumvented. In reaching its decision on a factual situation similar to that posed in your request for an opinion, the Court stated:
 "It has been uniformly held by the courts of this state that ordinances affecting changes in zone are valid only where adopted following public notice and hearings prescribed by statute. But there is no precedent in this state ruling upon the validity of changes in zone adopted by procedures prescribed in covenants imposed by the municipality. This court cannot give its approval to a procedure prescribed in a covenant imposed by a municipality where such procedure wholly circumvents that prescribed by statute. That public interests are at stake in changes of zone is clearly stated in Section 264, Town Law. Interests affected by changes of zone are not confined to the owner of the property for which a change is sought or the governing board of the municipality. The interests of adjacent as well as vicinity property owners are affected and Section 264 is designed to afford them an opportunity to be heard through the medium of a public hearing. The deprivation of such right is fatal to the resolution adopted. In a proceeding factually similar to that before this court, the Supreme Court of Oklahoma, in Voight v Saunders, 206 Okla. 318, 243 P.2d 654, held a municipality to be without authority to enact zoning amendments without hearings thereon where the procedure permitting the amendments without hearing was prescribed in a covenant, limiting the time in which construction was to be commenced, imposed in a resolution granting an application for down zoning. The covenant therein directed a reversion of the property to its former zone classification in the event construction was not commenced within the time limitation. Construction was not started and the board, without notice or hearing, passed a resolution ruling that notice and hearing were prerequisites to its valid adoption. This court is in accord with that conclusion." (Emphasis supplied.)
From all of the foregoing, we conclude that a town zoning amendment may be further amended, by ordinance, only upon following proper procedures, including the holding of a public hearing thereon. Accordingly, the Town Board of the Town of Sand Lake may not, by resolution, extend the efficacy of an ordinance for six months when such ordinance rezoned a specific area conditioned on the commencement of construction of a mall in such area within one year.