E & M INVESTMENTS COMPANY, INC., a corporation, Appellee,

v.

TOWN OF DICKSON, Oklahoma, Appellant.

No. 60815.

Court of Appeals of Oklahoma, Division No. 4.

Dec. 17, 1985.

As Corrrected Jan. 6, 1986.

---

Derril W. McGuire, Ted J. Pasley, Ardmore, for appellee.

Lee Card, Ritter, Ritter & Card, Ardmore, for appellant.

BRIGHTMIRE, Presiding Judge.

Is a small town's comprehensive zoning ordinance void because it was enacted without the prior establishment of a zoning commission and without satisfying the notice and hearing requirements of 11 O.S. Supp.1968 § 404? The trial court held it is. We affirm.

I

This controversy centers around the proposed use of a ten-acre tract located in the Town of Dickson for a "western" dance hall. The land was acquired by plaintiff's principal stockholder, Mrs. Strader, in 1964 —some four years before Dickson, popula-

tion 1,000, was incorporated. In May 1971, without first appointing a zoning commission and, for that matter, without giving any prior public notice other than the posting of agendas, the Town Board of Trustees passed the following sweeping ordinance:

 Part 1. The whole Town of Dickson, Oklahoma, shall be zoned as residential with the exception of Businesses that were established at the time of Incorporation of the Town, August 24, 1968.

 Part 2. Any person or persons wishing to establish a business in the Town limits may petition the Town Board of Trustees with a letter stating the amount of land, the type of Business and the location of the land to be zoned as a business.

Notice of the enactment was later published in a local newspaper.

In 1982 Mrs. Strader, who was aware of subject zoning ordinance, decided to erect a building on her property to use as a western dance facility. In January 1983 Mrs. Strader conveyed the ten acres to plaintiff, E & M Investments Company, and in April 1983, E & M applied to the Town Trustees for rezoning of the premises to a classification permitting use of the building for dancing. The Trustees denied the application by a vote of 5 to 0.

E & M then brought this action seeking an injunction to prohibit enforcement of the ordinance on the ground that it was void because in enacting it the Trustees failed to comply with the due process requirements of applicable state zoning and planning statutes. The trial court agreed, held that the ordinance was void, and granted the injunctive relief sought. The Town of Dickson appeals.

## II

The first issue to resolve is whether applicable state statutes require the town to appoint a zoning commission as a prerequisite to enactment of zoning ordinances.

The Trustees contend they do not. Their theory is that since 11 O.S.1961 § 402, provides that "the local legislative body may divide the municipality into districts of such number, shape and area as may be deemed best suited to carry out the purposes of this Act....," the use of the permissive word "may" indicates that a municipal legislative body has discretion regarding whether to divide the city or town into zoning districts and that if they do not choose to create such districts they do not have to appoint a commission as required by section 406.

The argument is not persuasive. Section 406 is not permissive and specifies:

 "In order *to avail itself of the powers conferred by this Act, such legislative body shall appoint a commission to be known as the Zoning Commission to recommend the boundaries of the various original districts and to recommend appropriate regulations to be enforced therein.* Such Commission shall make a preliminary report and hold public hearings thereon before submitting its final report; and such legislative body shall not hold its public hearings or take action until it has received the final report of such commission. Where a city planning commission already exists, it shall be appointed as the Zoning Commission." (Emphasis added and footnote omitted.)

11 O.S.1961 § 406.

■ This statute must be construed in harmonious conjunction with the other zoning statutes in the Act and consonant with its overall purpose, the powers it grants and the restrictions it imposes. Both the purpose and the extent of the power to zone are delineated in 11 O.S.1961 § 401. In general the purpose is to promote "health, safety, morals, or the general welfare of the community," and the scope of the power granted is sufficient to encompass adoption of regulations and restrictions with regard to the location as well as the use of commercial buildings such as the one we are dealing with here.

■ Other sections of the act, however, place constraints on the exercise of such granted legislative power. First,

§ 403 of the Act directs that "regulations *shall* be made in accordance with a comprehensive plan ...," and "[s]uch regulations *shall* be made with reasonable consideration, among other things, as to the character of the district and its peculiar suitability for particular uses...." 11 O.S.1961 § 403. (Emphasis added.) And then there is section 402 which commands that zoning "regulations shall be uniform for each class or kind of buildings throughout each district, but the regulations in one district may differ from those in other districts." 11 O.S.1961 § 401. With reference to creation of districts we think the lawmakers intended to vest an amount of discretion in a city. If, for instance, the size of a city or town is such that dividing it into zoning districts is feasible the municipality is free to do so; it does not have to. But whether districts are established or not the Act requires the city to create a planning commission which in turn must make a preliminary study of and submit a recommendation concerning a proposed comprehensive zoning plan for adoption by ordinance. Thereafter no zoning ordinance can be validly enacted unless the proposed ordinance is preceded by a commission study and recommendation.

Such prerequisites are deemed essential for the fulfillment of the Zoning Act goal, that is the promotion of, inter alia, moral and general welfare "by designing a systematic plan for uniform development thereby creating a more stable environment in the community." *Motor Lodges, Inc. v. Willingham,* 509 P.2d 901, 903 (Okl. 1972).

■ It would not make sense to attribute to the legislature an intention to allow a municipality to circumvent the statutory commission and comprehensive plan requirements by simply declining to divide the town into two or more districts. Indeed such reasoning would also allow the town board to dispense with the whole process of holding public hearings and adoption of comprehensive regulations aimed at desirable town development. Such an interpretation is at war with the overall thrust of the Zoning Act which, as we mentioned earlier, is to promote moral and general welfare through zoning ordinances that bring to pass systematic planning and uniform land use development.

The town, incidentally, seems to recognize the need for a zoning commission but says it should be excused from the requirement because it has been unable to afford one. The short answer to this contention is that the legislature did not exempt inadequately funded municipalities from the reach of zoning statutes. And we decline to judicially amend the statutes.

### III

There is a second reason why subject ordinance is void and that is because of a complete failure of the town to observe the specific notice requirements of 11 O.S. Supp.1968 § 404. This statute specifies:

"The legislative body of such municipality shall provide for the manner in which such regulations and restrictions and the boundaries of such districts shall be determined, established and enforced, and from time to time amended, supplemented or changed. However, *no such regulation, restriction or boundary shall become effective until after a public hearing in relation thereto, at which parties in interest and citizens shall have an opportunity to be heard.* At least fifteen (15) days' notice of the time and place of such hearing shall be published in an official paper or a paper of general circulation in such municipality." (Emphasis added.)

■ Compliance with statutory notice and public hearing requirements is essential to the validity of a zoning ordinance. *See Morland Development Co. v. City of Tulsa,* 596 P.2d 1255 (Okl.1979); *Voight v. Saunders,* 206 Okl. 318, 243 P.2d 654 (1952); *Makrauer v. Board of Adjustment of City of Tulsa,* 200 Okl. 285, 193 P.2d 291 (1948). As mentioned earlier, the only notice given before the adoption of the ordinance by the Dickson Board of Trustees was by posting agendas in the town. Notice was not published in any newspaper

until after the ordinance had already been adopted.

 In this regard the Town of Dickson argues that despite its failure to comply with the statutory notice requirements, subject ordinance should be found to be valid under the rationale of *McCurley v. City of El Reno*, 138 Okl. 92, 280 P. 467 (1929). Not so. *McCurley* held that where a temporary one year blanket zoning ordinance was enacted as a precautionary measure to preserve the status quo until a comprehensive zoning ordinance could be completed and enacted, the public hearing provisions of section 404 did not apply. Said the court, "[T]he provision that no such regulation, restriction, or boundary shall become effective until after a public hearing in relation thereto, etc., is a provision that had in contemplation and applied to the adoption of the permanent comprehensive zoning ordinance under said act and that it was not intended to and does not affect a temporary ordinance...." *Id.* 280 P. at 469.

Here, however, there is no evidence of any *McCurley* type exigency justifying passage of the Dickson ordinance in the first place nor in the second was there evidence that it was ever intended to be temporary. The fact is that the Town does not argue the ordinance was temporary but again falls back on its financial embarrassment which it offers as a legal respirator, as it were, capable of breathing life into a comatose ordinance. Such life, if once it did exist, was precarious and long ago perished. For as we have already said, mere lack of funds cannot and indeed does not provide the town with even a temporary escape from constitutional due process requirements any more than it does from the earlier mentioned statutory requirements and it certainly does not provide an excuse for an everlasting evasion of section 404 notice requirements. The ordinance is not saved by *McCurley*.

The judgment of the trial court is affirmed.

RAPP and STUBBLEFIELD, JJ., concur.