JOSEPH A. MILLER ET AL. *v.* TOWN PLANNING COM-
MISSION OF THE TOWN OF MANCHESTER ET AL.

INGLIS, C. J., BALDWIN, O'SULLIVAN, WYNNE and DALY, Js.

Argued March 4—decided April 6, 1955

*Raymond A. Johnson,* for the appellant (defend-
ant Greenbrooke Homes, Inc.).

*Charles N. Crockett,* for the appellant (named defendant).

*Philip Bayer,* with whom was *Herbert A. Phelon, Jr.,* for the appellees (plaintiffs).

O'SULLIVAN, J.   The town planning commission and Greenbrooke Homes, Inc., two of the three defendants, have appealed from a judgment of the Court of Common Pleas.  That court sustained an appeal by the plaintiffs from the action of the commission in amending one of the zoning regulations of the town of Manchester.  The sole question before us is whether the court erred in holding that the amendment was illegal.

The facts are these: Greenbrooke Homes, Inc., to be called the company, is the owner of a parcel of vacant land on the southerly side of Center Street, a thoroughfare running easterly and westerly in the town of Manchester.  The land is bounded on the east by Dougherty Street and on the west by McKee Street.  These streets, which parallel each other and are about 300 feet apart, run at an acute angle into Center Street but do not cross it.  The parcel extends for 645 feet along Dougherty Street and for over 700 feet along McKee Street.

The town planning commission is the legislative body empowered to adopt, amend, change or repeal zoning regulations for the town of Manchester.  Regulations in effect since 1938 divide the town into nine zonal classifications.  On November 5, 1953, the northerly part of the company's land to a depth of 200 feet from Center Street lay in business zone II; the remainder, hereinafter called the Dougherty lot, was in residence zone A.  On that date the company presented to the commission a petition re-

questing that the zoning regulations be amended by changing the classification of the Dougherty lot to business zone II. After a hearing, the commission voted on January 6, 1954, to make the change as requested except that strips of land, twenty-five feet wide, running along the westerly, southerly and easterly sides were retained within the residential zone. The commission recorded on its minutes that the change was "an extension, southerly, of the existing Business Zone II on Center Street to allow the most and highest economic use of the land. Adequate buffer areas have been established on the west, south, and east bounds of the property for the protection of the surrounding residential development."

Speaking generally, the properties on both sides of Center Street east of McKee Street are zoned for business for well over a mile. The same situation prevails to the west, but only on the southerly side of the street, the northerly side being almost wholly within a residential zone. The depth of the business zone on Center Street is not uniform but it approximates 140 feet. Prior to May 9, 1950, the entire parcel owned by the company had been zoned as residence A. On that date the commission changed to business zone II the Center Street frontage to a depth of 200 feet. Only on one property on the street is the depth of the zone greater. In that instance it is 240 feet.

The president of the company is Alexander Jarvis. As an individual he has large real estate holdings in the immediate vicinity of the Dougherty lot. The plaintiffs live in and are taxpayers of the town of Manchester. They own properties in the residential zone near the company land. Upon their appeal from the action of the commission, the court, in holding the change of zone to have been illegal, based its

determination on several grounds. In the light in which we view the matter, however, we need discuss but one, namely, that the change was not made in accordance with a comprehensive plan.

We note at the outset that the named defendant is something more than a town planning commission. It also possesses the powers granted by the General Assembly to zoning commissions. 25 Spec. Laws 250, § 2; General Statutes § 837; Cum. Sup. 1953, § 282c. In the latter capacity, it is subject to the limitations prescribed by law, for the power to zone is not absolute but is conditioned upon an adherence to the statutory purposes to be served. *Speakman* v. *Mayor & Council of North Plainfield,* 8 N.J. 250, 256, 84 A.2d 715. As the proper exercise of the police power requires, those purposes, stated in the enabling statute, are designed to promote the public health, safety, welfare and prosperity of the community. General Statutes § 837;[1] *State* v. *Hillman,* 110 Conn. 92, 100, 147 A. 294. The statute goes further, however, than to enumerate the purposes which zoning regulations, if they are to be held valid, must tend to advance. *Fairlawns Cemetery Assn., Inc.* v. *Zoning Commission,* 138 Conn. 434, 439, 86 A.2d 74. It provides that the regulations "shall be made in accordance with a comprehensive plan." § 837. The goal of this requirement is to avoid an arbitrary, unreasonable or discriminatory exercise of the zoning power. *Speakman* v. *Mayor & Council of North Plainfield,* supra.

---

[1] "Sec. 837. REGULATIONS. . . . Such regulations shall be made in accordance with a comprehensive plan and shall be designed to lessen congestion in the streets; to secure safety from fire, panic and other dangers; to promote health and the general welfare; to provide adequate light and air; to prevent the overcrowding of land; to avoid undue concentration of population and to facilitate the adequate provision for transportation, water, sewerage, schools, parks and other public requirements. . . ."

A comprehensive plan has been defined as a general plan to control and direct the use and development of property in a municipality or a large part thereof by dividing it into districts according to the present and potential use of the properties. *Bishop* v. *Board of Zoning Appeals,* 133 Conn. 614, 618, 53 A.2d 659. The comprehensive plan, as far as the record in the case at bar is concerned, is found in the scheme of the zoning regulations themselves. *Couch* v. *Zoning Commission,* 141 Conn. 349, 355, 106 A.2d 173. That plan discloses the dedication of Center Street to the use of business for a depth of approximately 140 feet and the reservation for residential purposes of substantially all of the area extending southerly for 3000 feet from the business zone on Center Street to Hartford Road, another thoroughfare devoted to business. The plan makes it apparent that, speaking broadly, McKee and Dougherty Streets are designed as residential streets.

The change of zonal classification for the Dougherty lot does not conform to the comprehensive plan; on the contrary, it runs violently contrary to that plan. If upheld, the change would result in the jutting of a business into the heart of a residential zone for substantially 500 feet; it would, in effect, dedicate McKee and Dougherty Streets to business in the vicinity in question, while serving no useful purpose for business on Center Street and answering no commercial need of the residential district into which the jutting runs; and it creates an unnatural depth for the business zone devised for Center Street. The change fosters the interest of the company and, perhaps, of Jarvis and thus discriminates against other property owners similarly situated. See *Kuehne* v. *Town Council,* 136 Conn. 452,

461, 72 A.2d 474. Finally, although the action of the commission was the extension of an already existing zone, the change has all of the vices of spot zoning in that it singles out a small area for special treatment in a manner which does not further the comprehensive plan. *Eden* v. *Town Plan & Zoning Commission,* 139 Conn. 59, 63, 89 A.2d 746; Maltbie, "Legal Background of Zoning," 22 Conn. B.J. 2, 5; see *Hills* v. *Zoning Commission,* 139 Conn. 603, 609, 96 A.2d 212. The action of the commission in changing the zone on the lot in question was invalid, and the court was correct in so holding.

We have not overlooked the rule that courts must not substitute their judgment for that of the municipal legislative body when it is debatable whether the change conforms to the comprehensive plan. See *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 709, 88 A.2d 538. In the case at bar, the change is so substantially at odds with the comprehensive plan that the matter is not debatable.

There is no error.

In this opinion the other judges concurred.