ALBERT W. DAMICK ET AL. *v.* PLANNING AND ZONING COMMISSION OF THE TOWN OF SOUTHINGTON ET AL.

KING, C. J., ALCORN, HOUSE, THIM and COVELLO, Js.

Argued March 6—decided March 25, 1969

*William W. Sprague,* with whom was *Stephen K. Elliott,* for the appellant (defendant Gibbs Realty Corporation) ; with him also was *Gerald C. Mitchell,* for the appellant (named defendant).

*Joseph H. Thalberg* and *Alan I. Scheer,* with whom, on the brief, was *Alan H. Hertzmark,* for the appellees (plaintiffs).

House, J.  This appeal is taken from a judgment of the Court of Common Pleas sustaining an appeal by residents of the town of Southington from the action of the defendant planning and zoning commission in granting an application to change the zone classification of eighteen and one-half acres of land in Southington from a residential to an industrial zone.  The court found that thirty-eight of

the eighty-eight plaintiffs were owners of twenty-two pieces of property located within 500 feet of the area involved in the zone change, that they were aggrieved persons for the purpose of taking the appeal, and that the action of the defendant commission was arbitrary, illegal and in abuse of its discretion.

In taking their appeal to the Court of Common Pleas, the plaintiffs alleged twenty-two separate grounds for their claim that the commission acted improperly. Included were allegations that several members of the commission were disqualified from acting on the application for the change in zone. In answering the complaint, the defendants at first denied that the plaintiffs were aggrieved. They subsequently amended their answer to admit that certain of the plaintiffs were aggrieved but did not amend the previous denial of aggrievement as to the remaining plaintiffs. On the appeal, the court therefore properly heard evidence on the limited issues of disqualification and aggrievement. It repeatedly and emphatically, in ruling on questions of evidence, reminded counsel of the limited purpose for which evidence was being admitted and would be considered and that it would decide from the record before the commission and its examination of the site whether the action of the commission was arbitrary, illegal or in abuse of its discretion. Nevertheless, in its limited finding, the court used that evidence and testimony for purposes beyond the limited ones for which it had permitted it to be introduced. Among other facts which the court found —not from the record before the commission, but expressly on the basis of evidence which the court had admitted for the limited purpose of deciding the issues of disqualification and aggrievement—

was the fact that, in addition to the reasons set forth in the record for the commission's approval of the zone change, other reasons for which the commission made the change were to prevent an industry from leaving town and to prevent a tax increase which would result therefrom.

Such a misuse of evidence admitted for a limited purpose is impermissible, and the defendants have properly assigned it as error. If a determination of the merits of this appeal depended in any degree on a finding predicated upon the facts thus found, we would be constrained to find reversible error. That is not the case, however, and we disregard the findings of fact thus improperly made and limit our consideration to the facts disclosed by the record before the commission as supplemented by the court's view of the site and adjacent area since we test therefrom the court's conclusion that the action of the commission in changing the zone was arbitrary, illegal and in abuse of its discretion because the change was not in accordance with the comprehensive zoning plan of the town of Southington.

Among the few matters to which there is, and could be, no disagreement among the parties are the following: (1) Zoning in Southington operates under the authority of the General Statutes. (2) The defendant commission has not adopted a master plan, and accordingly the comprehensive plan is to be found in the zoning regulations themselves and the zoning map, which are primarily concerned with the use of property. *Dooley* v. *Town Plan & Zoning Commission*, 154 Conn. 470, 473, 226 A.2d 509. (3) The general purposes of zoning in Southington are similar to those set forth in General Statutes § 8-2. (4) The commission in exercising its power to adopt zoning regulations acts as a legislative body.

It is unnecessary to recite in detail the whole situation giving rise to this appeal. It suffices to note but a few of the significant facts. Since zoning became effective in Southington in 1957, the rezoned area has been in the middle of a large residential zone limited to single-family residences. This residential zone extends in an irregular way about 2500 feet to an industrial zone on the north, about 4000 feet to an industrial zone on the east, about 3000 feet to an industrial zone on the south, and about 1500 feet to a business zone on the west. A very small portion of the area which the commission rezoned to industrial use is occupied by a moderately sized industrial building which faces West Street. The court found that, when zoning was adopted, the appearance of the building did not detract noticeably from the residential appearance of the neighborhood. The balance of the rezoned area is vacant land except for one residence. The use of the existing building for industrial purposes has, since zoning became effective, been a nonconforming use. The building is on a 10.15-acre parcel owned by the defendant Gibbs Realty Corporation, hereinafter referred to as Gibbs, and the industry located in the building is owned and operated by Gibbs Wire and Steel Company, Inc. Gibbs' application for the change of zone stated as the primary reason for the change that "[t]he expansion of Gibbs Wire and Steel Company's business makes it necessary to expand the present building."

We have long recognized the broad discretion which has been vested in a zoning commission, when it is acting in a legislative capacity, to effect changes in zoning regulations. *Hawkes* v. *Town Plan & Zoning Commission*, 156 Conn. 207, 211, 240 A.2d 914; *Lupinacci* v. *Planning & Zoning Commission*, 153

Conn. 694, 699, 220 A.2d 274; *Kutcher* v. *Town Planning Commission,* 138 Conn. 705, 709, 88 A.2d 538. This discretion, however, is not unlimited. The highest and best use of any particular parcel is not a controlling purpose of zoning, nor is the maximum possible enrichment of a particular landowner. *State National Bank* v. *Planning & Zoning Commission,* 156 Conn. 99, 101, 102, 239 A.2d 528; *Samp Mortar Lake Co.* v. *Town Plan & Zoning Commission,* 155 Conn. 310, 315, 231 A.2d 649. "The ultimate object of zoning regulations is to confine certain classes of buildings and uses to designated localities or districts. *Darien* v. *Webb,* 115 Conn. 581, 585, 162 A. 690. The zoning commission was subject to the limitations prescribed by law. The power to zone was not absolute but was conditioned upon an adherence to the statutory purposes to be served. The statute [General Statutes § 8-2] . . . [goes] beyond the provision for the division of the municipality or a part of it into districts. It . . . [requires] that 'regulations shall be made in accordance with a comprehensive plan.' The goal of this requirement is to avoid an arbitrary, unreasonable or discriminatory exercise of the zoning power." *State* v. *Huntington,* 145 Conn. 394, 398, 143 A.2d 444. We have defined "comprehensive plan" as a general plan to control and direct the use and development of property in a municipality or in a large part thereof by dividing it into districts according to the present and potential use of the properties. *Summ* v. *Zoning Commission,* 150 Conn. 79, 87, 186 A.2d 160; *Nowicki* v. *Planning & Zoning Board,* 148 Conn. 492, 497, 172 A.2d 386.

When a change in zone is made by a zoning commission "[i]t is fundamental that the change must be in harmony with and in conformity to a compre-

hensive plan as mandated by General Statutes § 8-2, under which the town originally adopted its zoning regulations." *Jablon* v. *Town Planning & Zoning Commission,* 157 Conn. 434, 438, 254 A.2d 914. "It is the intent of building zone regulations generally that nonconforming uses should not be allowed to increase, and an extension of the space alloted to a nonconforming use is a proscribed extension of that nonconforming use and is inconsistent with the policy and comprehensive plan of the regulations. *Beerwort* v. *Zoning Board of Appeals,* 144 Conn. 731, 734, 137 A.2d 756." *Raffaele* v. *Planning & Zoning Board of Appeals,* 157 Conn. 454, 462, 254 A.2d 868.

An essential purpose of zoning regulations is the stabilization of property uses. *Abbadessa* v. *Board of Zoning Appeals,* 134 Conn. 28, 34, 54 A.2d 675; *Strain* v. *Mims,* 123 Conn. 275, 287, 193 A. 754. Ordinarily, changes in zone should not be made unless some new condition has arisen which substantially alters the character of the area. *Vece* v. *Zoning & Planning Commission,* 148 Conn. 500, 503, 172 A.2d 619. " 'Before a zoning board rezones property, there should be proof either that there was some mistake in the original zoning or that the character of the neighborhood has changed to such an extent that a reclassification ought properly to be made.' 1 Yokley, Zoning Law & Practice (2d Ed.) § 85 (1957 Sup.). Those who buy property in a zoned district have the right to expect that the classification made in the ordinance will not be changed unless a change is required for the public good. 8 McQuillin, Municipal Corporations (3d Ed. Rev.) p. 307; *Hills* v. *Zoning Commission,* 139 Conn. 603, 608, 96 A.2d 212; *Wesemann* v. *LaGrange Park,* 407 Ill. 81, 89, 94 N.E.2d 904." *Zoning Commission* v.

*New Canaan Building Co.,* 146 Conn. 170, 175, 148 A.2d 330.

In the case before us, the change of zonal classification clearly did not conform to these governing principles. By its action, the commission has, for the sole benefit of Gibbs, created in the middle of a large residential zone a small industrial zone. While the change fosters the interest of the Gibbs companies, it does so in clear violation of well-established zoning requirements, is detrimental to the owners of residences in the area, and, as the trial court noted, "has all the vices of spot zoning in that it singles out a small area for special treatment in a manner which does not further the comprehensive plan. *Miller* v. *Town Planning Commission,* 142 Conn. 265, 270, [113 A.2d 504]." As we said in the *Miller* case, "the change is so substantially at odds with the comprehensive plan that the matter is not debatable." Id., 270.

The trial court reasonably and logically concluded that the change of zone enacted by the commission was not in accordance with the comprehensive plan of zoning in Southington, and, accordingly, the action of the commission in changing the zone was arbitrary, illegal and in abuse of its discretion. The record amply supports these conclusions, and we find no error in the judgment sustaining the plaintiffs' appeal.

There is no error.

In this opinion the other judges concurred.