[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 1, 1999
Zoning — Procedure Before Agency — Notice — Notice of a Hearing on Proposed Zoning Amendments Need Not Describe the Contents of the Proposed Amendments. Notice of a hearing on proposed zoning amendments need not include a description of the contents of the amendments: a recitation of the sections to be amended with a statement that the text of the amendments is available at the clerk's office is sufficient.
Zoning — Ordinances — Misc. Cases — Amendments Permitting Bed and Breakfast Establishments in All Zones Except Recreational and Industrial Zones Are Upheld. Amendments to a zoning ordinance permitting the operation of bed and breakfast establishments in all zones except recreational and industrial zones are upheld as a valid exercise of the zoning power. CT Page 13300
This is an appeal from a decision of the Planning Zoning Commission of the City of Groton (hereinafter the "Commission") to amend Articles 2 and 3 of the Zoning Regulations of the City of Groton to allow, by special permit, the establishment of bed and breakfast establishments (hereinafter BB) and Articles 4 and 7 to provide ancillary regulations. For reasons hereinafter stated, the decision of the Commission is affirmed.
Plaintiffs claiming to be aggrieved by the decision to amend the regulations have instituted the present appeal under the provisions of General Statutes §§ 8-9 and 8-8. Section 8-8
limits appeals to persons aggrieved by the decision appealed from. Pleading and proof of aggrievement are essential to establish subject matter jurisdiction over an appeal under §8-8. Hughes v. Town Planning Zoning Commission, 156 Conn. 505,507 (1968). The evidence indicates that plaintiff Michael B. Collins has established that he resides in a zone within the City of Groton affected by the amendments. It is therefore concluded that such plaintiff is statutorily aggrieved under § 8-8 and has standing to prosecute this appeal. Summ v. Zoning Commissionof the Town of Ridgefield, 150 Conn. 79, 83-84 (1962).
A public hearing on the proposed amendments was scheduled for May 7, 1998. Plaintiff claims that the notices of the public hearing, published in the New London Day on April 24, 1998, and May 1, 1998, as well as the notice of the decision to approve the amendments published in the same newspaper on May 27, 1998, were all legally insufficient. Zoning commissions are required to provide adequate published notice of a public hearing to be held in connection with amendments to the zoning regulations. The purpose behind the notice requirement is fairly and sufficiently to apprise those who may be affected by the proposed action of the nature and character of the proposed action so as to enable them to prepare intelligently for the hearing. Center Shops ofEast Granby, Inc. v. Planning Zoning Commission,52 Conn. App. 763, 774 (1999). "The failure to give statutory notice to the general public is a subject matter jurisdictional defect and it cannot be waived nor can jurisdiction be conferred by consent of the applicant." Lauer v. Zoning Commission, 220 Conn. 455, 461-62
(1991). "A defect in the content of the notice cannot be cured by proof that some members of the public received actual notice, or appeared at the hearing." Nazarko v. ZoningCT Page 13301Commission, 50 Conn. App. 517, 519-20 (1998). "Without proper public notice, zoning authority actions are null and void."Cocivi v. Planning Zoning Commission, 20 Conn. App. 705, 707
(1990).
The record indicates that the Commission proposed to amend five sections of Article 2 of the zoning regulations covering residential zones and four sections of Article 3 covering other zones to allow, by special permit use, "Bed and breakfast establishments, subject to the requirements of section 4.18 of these regulations." It was also proposed to amend Article 4 to provide supplementary regulations and Article 7 to provide a definition of "bed and breakfast establishment." The notice of the public hearing as published provided as follows:
 CITY OF GROTON PLANNING AND ZONING COMMISSION NOTICE OF PUBLIC HEARING Notice is hereby given that public hearings at which interested parties and citizens will have an opportunity to be heard will be held on Thursday, May 7, 1998, at 7:00 p.m. in the Council Chambers at the Municipal Building, 295 Meridian Street, Groton, Connecticut in order to consider the following:
 1. Proposed Zoning Regulations Amendments to Articles 2, 3, 4 and 7, and particularly Sections 2.12, 2.22, 2.32, 2.42, 2.52, 3.14, 3.22, 3.32, 3.42, 4.18, 4.25, 4.35 and 7.2 Concerning Bed and Breakfast Establishments (City of Groton, Applicant).
 The full text of the proposed amendments is on file and available for public inspections during normal business hours at the offices of the City Planner and Zoning and Building Official, and the City Clerk, 295 Meridian Street, Groton, Connecticut and at the office of the Town Clerk, 45 Fort Hill Road, Groton, Connecticut. Dated this 22nd day of April, 1998 at Groton, Connecticut.
Debra Jenkins, Chair
The published notice of the decision of the Commission on the proposed amendments published on May 27, 1998 was similar to the prior publication with the various sections being indicated by CT Page 13302 reference only.
Plaintiffs argue that although the prehearing notice was technically accurate, it was not a clear warning of the scope of the amendments to be considered, the location of the properties to be potentially affected or the fact that the proposal was to permit a new use in residential property and was therefore insufficient to adequately apprise a large segment of the population which would be affected by the amendment. It is argued that the references to the particular sections of the regulations to be amended have meaning only when read in conjunction with the regulations themselves, which most citizens would not have in their possession.
While the prehearing notice did not spell out the proposed amendments in detail or mention residential zones, it did indicate all of the sections to be amended and stated that the amendments would be "Concerning Bed and Breakfast Establishments." The notices also stated that the full text of the proposed amendments would be on file and available for public inspection during normal business hours at the office of the city planning and zoning building official and the city clerk and at the office of the town clerk.
"It has been held that references to . . . the provisions or sections of the zoning regulations which were to be amended, coupled with a statement that notice and copies of the changes . . . were on file with the town hall, were adequate legal notice." Section 46.3, Fuller, Land Use Law and Practice.
The record indicates that copies of the proposed amendments were filed with the offices designated in the published notice. No claim has been made that the proposed amendments were not so filed. In Passero v. Zoning Commission, 155 Conn. 511 (1967), pages 514-15, our Supreme Court considered and approved public notices, which do not include the proposed amended regulation, but indicate the section which was to be amended and that a full copy of the proposed amendment was on file in a particular office. At page 515, the court stated that "[t]he statute does not require that the hearing notice contain a summary of the content of the proposed amendment to the regulations . . . It does, however, require that a copy of the proposed regulation or boundary be filed in the office of the town, city or borough clerk at least ten days before the hearing, so as to permit anyone affected by the proposal to obtain detailed information concerning the proposed amendments." See also R. B. Kent Sons,CT Page 13303Inc. v. Planning Commission, 21 Conn. App. 370, 379 (1990).
In the present case, it must be concluded that plaintiffs have not established that the hearing notice was inadequate or that it did not comply with the statutory requirement of notice. The notice alerted the general public to the fact that the amendment would deal with bed and breakfast establishments as special permits. The notice also indicated which sections of the zoning regulations would be amended and informed the public as to where detailed copies of the proposed amendment could be obtained. This is adequate under the law. It must also be concluded that the post-hearing notice was legally sufficient:.
The record indicates that on a previous occasion the Commission was presented with a request for the establishment of a bed and breakfast in a residential zone. This application was denied in October 1997. Subsequently, acting under the provisions of § 6.4 of the zoning regulations and General Statutes §8-3, the Commission proposed the amendments which were presented for public hearing on May 7, 1998.
At the public hearing, the planner, Michael Murphy, noted that the proposed amendments would allow BBs by special permit in all zones other than the Recreation Open Space Zone. He recommended that BBs also not be allowed in the General Industrial and Restricted Industrial zones due to the limited industrial land within the city.
Mr. Murphy also read a letter from the State of Connecticut Department of Environmental Protection Office of Long Island Sound Program, expressing concern over BBs within coastal flood hazard areas.
After Mr. Murphy, other interested parties testified both in favor of and against the proposed amendments.
At its meeting of May 19, 1998, the Commission, by majority vote, approved the amendment with modification. In accordance with the planners recommendations, the sections dealing with the industrial zones were deleted, and § 4.18B.7 was revised to require that applicants for BB special permits within coastal flood areas "demonstrate to the Commission's satisfaction at the time of the application that hazards to life and property are being minimized." CT Page 13304
The following reasons were given for approving the amendment:
 1. The amendments are consistent with the comprehensive plan of zoning for the city.
 2. The amendments are consistent with the City of Groton Plan of Conservation and Development's "Recommended Changes to the Zoning Text" policies.
 3. The amendments as modified are consistent with the Connecticut Coastal Management Act.
 4. The amendments are consistent with the Housing policies of the Goals and Objectives of the Plan of Conservation and Development which support the preservation of the physical and architectural characteristics of large houses and their sites, and promote through careful review the conversion of large houses only into uses compatible with the neighborhood.
This appeal followed the decision to adopt the amendments.
In addition to the claim concerning the legal insufficiency of the public notices, plaintiff contends that their appeal should be upheld because:
 (1) The amendments are at serious variance with the comprehensive plan of zoning, as well as the plan of development.
 (2) The standards adopted upon which special permits may be issued for the establishment of BBs are vague and, therefore, legally, insufficient.
In deciding the issues presented by this appeal, the Court is limited in its scope of review by statute and applicable case law. Review of the decisions of local zoning authorities is limited to a determination, principally on the record before the Commission, whether the Commission abused the discretion vested in it. Tazza v. Planning Zoning Commission, 164 Conn. 187, 191
(1972). This Court can sustain the appeal only upon a determination that the action taken by the Commission was unreasonable, arbitrary or illegal; it must not substitute its judgment for that of the local commission and must not disturb the decision of the commission as long as honest judgment has been reasonably and fairly exercised. Barron v. Planning ZoningCT Page 13305Commission, 22 Conn. App. 255, 257 (1990). Conclusions reached by the commission must be upheld by the court if they are reasonably supported by the record. Primerica v. Planning ZoningCommission, 211 Conn. 85, 96 (1989). The question on review of the commission's action is not whether the court would have reached the same conclusion, but whether the record before the commission supports the decision reached. Id. Although the factual and discretionary determinations of the commission must be given considerable weight, it is for the court to expound and apply governing principles of law. Domestic Violence Services ofGreater New Haven, Inc. v. FOIC, 47 Conn. App. 466, 470 (1998). In addition, a zoning commission, when amending zoning regulations, acts in a legislative capacity which gives it very broad discretion and the court on appeal should not substitute its judgment for that of the commission unless the appellants prove that the commission's action was clearly arbitrary or illegal.Burnham v. Planning Zoning Commission, 189 Conn. 261, 266
(1983). A zoning commission has broad discretion when it acts within its prescribed legislative power. First Hartford RealtyCorporation v. Planning Zoning Commission, 165 Conn. 533, 540
(1973). When exercising its legislative function, however, a commission's discretion is not wholly unfettered. Woofbard v.Zoning Commission, 147 Conn. 30, 32 (1959). The court must review the commission's action in amending the zoning regulations for the required consistency with the comprehensive plan. FirstHartford Realty Corp. v. Planning Zoning Commission, supra,165 Conn. 541.
 I.
The plaintiff claims that the amendments allowing BBs are "at serious variance with the comprehensive plan of zoning, as well as the plan of development. The burden of establishing this claim is on the plaintiff." Burnham v. Planning ZoningCommission, supra, 189 Conn. 266.
Amendments to zoning regulations, at least by implication, are required by General Statutes § 8-2 to be in harmony with the comprehensive plan. Id. 267. The comprehensive plan consists of the zoning regulations together with the zoning map which has been established pursuant to those regulations. Pierrepont v.Zoning Commission, 154 Conn. 463, 466 (1967).
Many of the citizens who spoke against the amendments at the public hearing claimed that the amendments ran counter to the CT Page 13306 general scheme of zoning as expressed in the regulations. They pointed out that the BBs were commercial enterprises which would be interjected into residential zones by the amendments. Concern was expressed that the increased traffic, parking and other problems resulting from the BBs would be deleterious to and inconsistent with the enjoyment of property in residential zones. It was also stated that BBs in close proximity to residential uses would depress property values.
In plaintiff's brief, it was also argued that there was no evidence that the regulations were enacted to promote the general welfare or promote any of the requirements set forth in General Statutes § 8-2. It was suggested that the amendments were a response to the desires of a single property owner to operate a BB in a residential zone.
The record does indicate that there had been a prior request to operate a BB in the city. That request, however, had been turned down by the Commission. After this denial, the Commission decided to look into the matter of BBs. A more comprehensive approach was adopted and the proposed amendments were the result of the Commission's effort.
There is no evidence that the amendments were enacted for the benefit of any one individual. The law requires that the amendments be in accordance with the comprehensive plan. The zoning regulations themselves are the basis of this plan. Plaintiff and the opponents who spoke at the public hearing expressed concern that BBs in residential zones would not be consistent with existing uses under the regulations. A review of these regulations, however, indicates that parks, playgrounds, home occupations (subject to § 4.13) and family day care homes were uses permitted by right in residential zones and churches, cemeteries, schools and other similar uses were allowed by special permit. All of these uses, now permitted under the regulations, have the potential to cause the problems feared by those opposed to the amendments. BBs, with the safeguards imposed by the special permit requirements, would be less intrusive and more consistent with residential uses than many of the uses now permitted under the regulations.
At the public hearing, there was testimony that allowing BBs in residential zones would help preserve property values by allowing older, larger homes in danger of neglect to be put to this use. There was also testimony that the conversion of these CT Page 13307 structures to BBs would be more desirable than rooming houses which might bring troublesome elements into residential zones.
Considering all of the evidence in the record, it must be found that the conclusion reached by the commission that the amendments were consistent with the comprehensive plan of zoning for the city is reasonably supported by the record. Primerica v.Planning Zoning Commission, supra, 211 Conn. 96.
Plaintiffs also contend that the amendments are at serious variance with the plan of development. In this connection, the fourth reason cited by the commission for approving the amendments was that:
 4. The amendments are consistent with the housing policies of the Goals and Objectives of the Plan of Conservation and Development which support the preservation of the physical and architectural characteristics of large houses and their sites, and promote through careful review the conversion of large houses only into uses compatible with the neighborhood.
The Plan of Conservation and Development of the City of Groton was prepared in response to the requirements of General Statutes § 8-23 and adopted by the Commission in August 1996. The stated purpose of the plan was "to record the best thinking of the City as to its future physical growth and to give direction to both public and private development."
The principal issue with the Plan of Conservation and Development arises over subsection A.1 in the zoning section which states:
A. Recommended Changes to the Zoning Text
 1. Bed and Breakfast establishments should be permitted in selected residential districts subject to special permit approval. Basically, this would permit resident occupants to rent out a limited number of rooms in their homes to their transient guests. This would give many homeowners the opportunity to take advantage of the growth of the tourism industry in the City.
 In order to assure the preservation of the residential environment, there should be conditions for approval such as adequate off-street parking. The number of guest bedrooms CT Page 13308 can be limited with the special permit procedures for each applicant, depending upon the specific circumstances of the application.
Plaintiff appears to take issue with the concept of including the above provision encouraging BBs in the plan and also claims that the commission did not follow the plan in enacting the amendments. Both parties agree that the plan is an advisory tool and the commission is not required to follow the recommendations found in the plan. Dooley v. Town Plan Zoning Commission,154 Conn. 470, 473 (1967).
The plan was adopted in 1996 and is advisory only. For this reason, the court will not now consider the propriety of including a recommendation for allowing BBs by special permit in the plan.
As previously noted, there is evidence in the record which supports the reasonableness of the decision to amend the regulations to allow BBs in residential zones. While the plan recommends allowing BBs in selective residential zones the commission's decision to allow BBs in all residential zones cannot be considered unreasonable. There was no evidence that the situation with respect to large houses was limited to particular residential zones. In amending the regulations, the commission has very broad discretion.Burnham v. Planning Zoning Commission, supra, 189 Conn. 266. The deviation from the recommendation found in the plan was well within the authority of the commission, was not an abuse of discretion and is reasonably supported by the record.
The special permit requirements in the amendments adequately address the concerns over preserving the residential environment expressed in the second paragraph of the plan's recommendation with respect to BBs.
Plaintiff also claims that the amendments would result in spot zoning. For this claim, plaintiff relies on Damich v.Planning Zoning Commission, 158 Conn. 78 (1969). The situation here is quite different from that in Damich, and there is nothing to indicate that spot zoning would result from the amendments which are the subject of this appeal.
 II. CT Page 13309
Under the amendments approved by the commission, BBs are to be allowed in residential zones by special permits. The amendments established the standards upon which such special permits could be issued. Plaintiff claims that these standards are vague and therefore legally insufficient.
Zoning regulations must be reasonably precise in the subject matter and reasonably adequate and sufficient to give both the Commission and those affected by its decision notice of their rights and obligations. Ghent v. Planning Commission,219 Conn. 511, 518 (1991). The burden of showing that the regulations are unconstitutionally vague rests with the plaintiff. Russo v. EastHartford, 179 Conn. 250, 257 (1979).
A review of the Development Standard set forth in the amendments which contain the requirements for special permits leads to the conclusion that plaintiff has not met its burden of proof on this claim. Ascertainable standards for review in approving or denying special permits for BBs are adequately established under the amendments.
 III.
It cannot be found that in enacting the amendments which are the subject of this appeal the commission abused its discretion or acted arbitrarily or illegally. The conclusions reached by the commission and stated on the record as reasons for its decision to amend the regulations are reasonably supported by the record.
Accordingly, judgment is rendered for the defendant commission and the action of the commission appealed from is approved.
PURTILL, JUDGE