[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION FACTS
The defendant, Frederick W. Serra (Serra) is a contract purchaser of property located at 112 Huntington Street, Shelton.
On May 2, 2000, Serra filed, with the defendant Shelton Planning 
Zoning Commission proposed amendments to the Shelton Planning Regulations, accompanied by an application for a special exception (ROR Ct. 1-1)
The proposed amendments concerned sub-sections 33.9.2, 33.9.3, 33.9.7, 33.9.10 and 33.9.12 of the existing regulations (ROR Ct. 2-16 p. 3)
He also sought to add a new sub-section regarding signage requirements.
Simultaneous with the filing of the proposed amendments, Serra filed an application for a special exception, based upon and dependent upon CT Page 10480 approval of the amendments (ROR Ct. 2-1)
The subject property, 112 Huntington Street, is located at the corner of Lane Street and Huntington Street, in the vicinity of the Huntington Green.
The bulk of the parcel is contained within an R-2 (residence) zone, with a small portion located in an R-1 (residence) zone.
The property consists of 48, 890 sq. feet, or approximately 1.14 acres, and is bounded on three sides by property zoned for residential use.
It is situated across the street from a CA (commercial) zone.
Serra proposed to relocate his employee benefits business, Frederick With Serra, Inc., to 112 Huntington Street from its current location on Coram Avenue.
A two-story structure, constructed on or about 1799, is located at 112 Huntington Street.
The building is currently a multi-family (two-family) dwelling, and has housed as many as three families.
It was previously utilized as a law office, and as a real estate office (ROR Ct. 2-16 p. 7-9).
A properly noticed public hearing was held on June 13, 2000.
On September 12, 2000, the commission unanimously (6-0) approved the amendments as submitted by Serra.
In support of its action, the commission stated that the amendments were consistent with both the Shelton Master Plan of Development, and the comprehensive plan of the City of Shelton.
The commission further found that the amendments would assist in establishing transitional uses, limiting the spread of commercial activity, and protecting the integrity of residential neighborhoods.
Although a negative recommendation was received from the Shelton Conservation Commission, the defendant Planning Zoning Commission determined that adopting the regulations would not erode the residential character of the area near Huntington Green, and would reduce the potential for future expansion of commercial uses CT Page 10481
(ROR Ct. 2-11-12)
Approval of the proposed special exception, with conditions, also obtained the unanimous backing of the commission.
The plaintiff, Eugene Miller, appeals from both the adoption of the amendments to the zoning regulations, and approval of the special exception.
AGGRIEVEMENT
The plaintiff, Eugene Miller, is the owner of 120 Huntington Street, which abuts the subject property.
Section 8-8 (1) of the Connecticut General Statutes defines aggrieved person to include:
 "any person owning land that abuts, or is within a radius of 100 feet and any portion of the land involved in the decision . . ."
Aggrievement is a jurisdictional matter, and a prerequisite for maintaining an appeal. Winchester Woods Associates v. Planning ZoningCommission, 219 Conn. 303, 307 (1991). The question of aggrievement is one of fact. Hughes v. Town Planning Zoning Commission, 156 Conn. 505,508 (1968)
It is found that the plaintiff's ownership of property which abuts 112 Huntington Street, Shelton established that he is statutorily aggrieved by both of the decisions of the Shelton Planning Zoning Commission appealed from.
Because the plaintiff has demonstrated statutory aggrievement, it is unnecessary to determine whether he can also demonstrate classical aggrievement. McNally v. Zoning Commission, 225 Conn. 1, 8 (1993)
THE COMMISSION HAD JURISDICTION TO ACT ON THE PLAINTIFF'S APPLICATION
The plaintiff contends that the defendant Shelton Planning Zoning Commission lacked jurisdiction to amend its regulations, and that its actions of September 12, 2000 are invalid.
He claims that the commission failed to comply with the provisions of § 8-3 (a) of the Connecticut General Statutes, because copies of the proposed amendments were not on file in the office of the Shelton Town Clerk prior to the June 13, 2000 public hearing. CT Page 10482
Section 8-3 (a) provides, in part:
 ". . . a copy of such regulation or boundary change shall be filed in the office of the town clerk . . . for public inspection at least ten days before such hearing . . ."
Since the public hearing was held on June 13, 2000, the statute requires that a copy of the proposed regulations be filed with the town clerk on or before June 3, 2000.
The plaintiff correctly argues that filing a copy of the proposed regulations with the town clerk is an essential prerequisite to any valid and effective commission action. Timber Trails Corp. v. Planning ZoningCommission, 222 Conn. 374, 378 (1992); State ex rel Capurso v. Flis,144 Conn. 473, 481 (1957)
The purpose behind the procedural requirements of § 8-3 (a) is to fairly and sufficiently apprise those who may be affected by the proposed action, of the nature and character of the proposed change, so that they can prepare intelligently for the hearing. Kleinsmith v. Planning ZoningCommission, 157 Conn. 303, 310 (1968). The failure to file a copy of the proposed amendments with the town clerk is jurisdictional. Scovill v.Planning Zoning Commission, 155 Conn. 12, 14-15 (1967); Bombero v.Planning Zoning Commission, 17 Conn. App. 150, 154 (1988)
The return of record, including the transcript of the public hearing, makes no reference to the alleged failure to comply with the provisions of § 8-3 (a)
In an effort to present a factual basis in support of his claim that the commission had no jurisdiction to amend its regulations, the plaintiff filed a motion to allow additional evidence, on January 26, 2001.
A motion for permission to present additional evidence is governed by § 8-8 (j) of the General Statutes:
 "The court shall review the proceedings of the board and shall allow any party to introduce evidence in addition to the contents of the record if (1) the record does not contain a complete transcript of the entire proceedings before the board . . . or (2) it appears to the court that additional testimony is necessary for the equitable disposition of the appeal . . ."
The parties acknowledge that the transcript of the proceedings CT Page 10483 is complete.
Therefore, the plaintiff was required to demonstrate that additional testimony is necessary, for the equitable disposition of the appeal.
An administrative appeal is an appeal on the record before the agency, and the court does not try the issues de novo. Only in those limited circumstances where additional testimony is essential, will it be permitted. Stiles v. Town Council, 159 Conn. 212, 217 (1970); Troiano v.Zoning Commission, 155 Conn. 265, 268 (1967).
In most circumstances, the failure of a party to present evidence to a municipal agency which was available and could have been considered by the agency prior to any decision, will weigh heavily against permitting the record to be supplemented during the course of an appeal. Samperi v.Planning Zoning Commission, 40 Conn. App. 840, 851 (1996)
However, because the plaintiff raised an issue concerning jurisdiction, unrelated to the merits of the commission's decision, the additional evidence was allowed, and the motion was granted.
The depositions of Shelton Town Clerk Beverly Brown, and Planning 
Zoning Administrator Richard Shultz, were conducted on June 4, 2001.
The depositions were strictly limited to the issue of the filing of the proposed amendments to the Shelton Zoning Regulations prior to the June 13, 2000 hearing.
The administrator testified that he brought copies of the amendments to the town clerk's office on May 31, 2000, a Wednesday.
Richard Schultz further explained that the May 31, 2000 date was recorded on a project summary sheet, maintained for internal purposes. The summary sheet was marked for identification at the deposition.
He testified that a project summary sheet is prepared for every application, (p. 18) and it is completed over a period of five months (p. 22)
Town Clerk Beverly Brown testified concerning a search of her records performed in September of 2000.
According to the town clerk, the search disclosed that a copy of the proposed amendments was not on file in the office, although applications filed prior to and subsequent to the application in question were located. CT Page 10484
It is found, based upon the evidence presented in. the depositions, that the plaintiff has not sustained his burden of demonstrating that the commission lacked jurisdiction, due to a failure to comply with the provisions of § 8-3 (a), C.G.S.
The planning administrator provided direct testimony of the filing of the proposed amendments within the time required by § 8-3 (a), C.G.S.
He stated that he filed the proposed amendments personally, and produced a work sheet, made by him in the ordinary course of his duties as planning administrator, which showed that the amendments were filed on May 31, 2000.
At the June 13, 2000 hearing, no evidence was presented. concerning the failure to file the proposed amendments, although facts necessary to substantiate or refute the plaintiff's allegations were knowable at the time of the June 13, 2000 public hearing.
The plaintiff asks the court to infer from the testimony of the town clerk, based on a search of the records in September, 2000, that the amendments were not on file in June of that same year.
The court is not persuaded, in light of the testimony of the planning administrator, and the internal work sheet.
It is found that the defendant Shelton Planning Zoning Commission had jurisdiction to act on both the proposed amendments to the Shelton Zoning Regulations, and the special exception application.
STANDARD OF REVIEW
When adopting or amending zoning regulations, a planning and zoning commission acts in a legislative capacity. D J Quarry Products, Inc.v. Planning Zoning Commission, 217 Conn. 447, 450 (1991)
It has broad discretion, and is free to amend its regulations whenever time, experience and responsible planning indicate a need for a change, and its discretion must not be disturbed by a court unless the commission has acted arbitrarily, or illegally. Kaufman v. Zoning Commission ofDanbury, 232 Conn. 122, 151 (1995); Burnham v. Planning ZoningCommission, 189 Conn. 261, 266 (1983)
A zoning commission must have flexibility to amend its regulations, and it is not the function of a court to retry the case. The question is not CT Page 10485 whether the court would have reached the same conclusion, but whether the record before the agency supports the decision reached. Calandro v.Zoning Commission, 176 Conn. 439, 440 (1979)
The discretion of the commission, acting in a legislative capacity is broad, for it is the role of the commission to formulate public policy.Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v.Planning Zoning Commission, 220 Conn. 527, 543 (1991); Malafronte v.Planning Zoning Board, 155 Conn. 205, 209 (1967).
When acting upon an application for a special exception, a planning and zoning commission acts in an administrative, rather than a legislative or quasi-judicial capacity. A.P. Holding Corporation v. Planning ZoningBoard, 167 Conn. 182, 184-85 (1974).
The terms "special exception" and "special permit" are interchangeable. Beckish v. Planning Zoning Commission, 162 Conn. 11,15 (1971).
Because it sits in an administrative capacity, the zoning authority's function is to determine whether the standards set forth in the regulations and statutes are satisfied. Quality Sand Gravel, Inc. v.Planning Zoning Commission, 55 Conn. App. 533, 537 (1999).
Where a zoning agency has stated reasons for its actions, a court should only determine whether the assigned reasons are reasonably supported by the record and whether they are pertinent to the considerations which the commission is required to apply. ProtectHamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, supra, 544; Zieky v. Town Plan Zoning Commission,151 Conn. 265, 267-68 (1963)
Where a commission has formally stated the reasons for its decision, a court should not go beyond the collective decision of the commission.DeMaria v. Zoning Commission, 159 Conn. 534, 451 (1970); Allied Plywood,Inc. v. Planning Zoning Commission, 2 Conn. App. 506, 510 (1984).
SHELTON PLANNING ZONING COMMISSION DID NOT ACT ARBITRARILY,ILLEGALLY, OR IN ABUSE OF ITS DISCRETION
The Shelton Planning Zoning Commission gave detailed reasons, contained in a staff report (ROR Ct. 1-9), in support of its adoption of the amendments to the zoning regulations, and the granting of the special exception.
The commission's findings and conclusions include that the residential CT Page 10486 areas near Huntington Green are threatened with encroaching commercialism, and that "transition" zones were a helpful planning tool.
The commission found that the use of the special exception process was particularly appropriate, in areas with older residential dwellings, particularly along heavily traveled roads.
After considering all of the testimony at the public hearing, the commission determined that the adoption of the regulations would not erode the residential character of Huntington Street, and would not have an adverse impact upon traffic.
The plaintiff claims that the action of the Shelton Planning Zoning Commission results in "spot zoning", and is therefore invalid.
In order to sustain a claim of "spot zoning", two separate elements must be satisfied: 1) the change in zone must affect only a small area of land, and 2) the change must be out of harmony with the comprehensive plan, for the good of the community as a whole. Langer v. Planning Zoning Commission, 163 Conn. 453, 461 (1972); Morningside Assn. v.Planning Zoning Board of Milford, 162 Conn. 154, 161 (1972); Michel v.Planning Zoning Commission, 28 Conn. App. 314, 319 (1992)
The comprehensive plan of a community consists of the zoning regulations themselves. Burnham v. Planning Zoning Commission, supra, 267. Where a proposal is inconsistent with the comprehensive plan, it can not be upheld. Damick v. Planning Zoning Commission, 158 Conn. 78, 84
(1969)
Although the plaintiff claims that the amendments are applicable only to 112 Huntington Street, the commission found that they were applicable to two parcels.
However, given the size of 112 Huntington street, the plaintiff has met the first prong of the "spot zoning" test, because he has demonstrated that the amendments apply only to a small area.
He has not, however, shown that the change brought about by the adoption of the amendments and the resulting special exception, is out of harmony with the comprehensive plan, or fails to serve the needs of the community as a whole.
In linking the adoption of the regulations to the special exception process, the commission has retained the ability to control and limit development in areas where commercial and residential uses exist in close proximity. CT Page 10487
The action of the commission also finds support on Shelton's Master Plan of Development, with regard to the preservation of large houses and uses compatible with existing neighborhoods.
While it must be noted that a community's Master Plan of Development is advisory, the plan can be considered when determining whether a change is in the public interest. Tarasovic v. Zoning Commission of Trumbull,147 Conn. 65, 71 (1959)
A review of the record reveals that the action of the commission in amending its regulations can benefit the community as a whole, and the record supports the conclusion that the actions are consistent with, and in harmony with, the comprehensive plan.
Simply because an individual property owner is benefited by the amendments, it is not sufficient to find that the action was arbitrary, or unreasonable. Morningside Assn. v. Planning Zoning Board, supra, 162.
Because the record supports the conclusion that the amendments adopted by the commission are in accordance with the comprehensive plan, and serve to benefit the community as a whole, the action can not be considered "spot zoning".
The defendant Shelton Planning Zoning Commission has not abused the liberal discretion vested in it to amend its zoning regulations, when time and experience warrant.
The appeal of the plaintiff, Eugene Miller, is dismissed.
 ________________ RADCLIFFE, JUDGE