[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
 FACTS
The plaintiff, Gilbert Bennett, Limited Partnership, is the owner of forty-four acres of land located in the Georgetown section of Redding.
The site was the location of a wire mill for over one hundred years prior to the plant closing in 1989.
Of the forty-four acres, twelve acres consist of a pond, while thirty-two acres are dry land.
Prior to May 1, 1990, the property was zoned for light industrial uses, reflecting the operation of the wire mill.
In 1990, two zones were created concerning this property: an Historic Village Center (HVC) zone and a Planned Residential Village (PRV) zone.
As a former factory site, the parcel presents significant obstacles to development.
It is estimated that environmental cleanup costs of between six million and ten million dollars would be required before any development would be permitted (ROR, III-1, pp. 20, 38).
On January 24, 2001, the defendant, Redding Zoning Commission, held a public hearing concerning a proposal, generated by the Commission, to combine the HCV and PRV zones into a single Historic Mill Center (HMC) zone, covering all of the plaintiff's property.
Prior to the public hearing, the proposed change of zone was reviewed by the Redding Planning Commission (ROR, II-9), which endorsed the proposed changes and added comments concerning the existing structures on CT Page 17164 the site.
The planning commission noted that the proposed changes did not fully comply with the Town Plan of Conservation and Development, but seemed to reduce the noncompliance.
At the public hearing, the plaintiff filed a protest petition, thus invoking the provisions of § 8-3 (b) of the General Statutes.[1]
The proposed regulations permit development to occur only in those areas occupied by existing buildings or structures (ROR, III-1, p. 5), which translates into 1.1 or 1.2 million square feet, or two-thirds of the plaintiff's property (ROR, III-1, p. 30).
As in the HVC and PRV zones, retail establishments, offices, multi-family dwellings, and corporate offices are permitted in the HMC zone.
On February 12, 2001, the defendant, Redding Zoning Commission, approved the creation of the HMC zone by a 4-1 vote (ROR, III-2, p. 15).
The vote was sufficient to satisfy the super majority requirement of § 8-3 (b).
The Commission failed to state reasons for its decision, notwithstanding § 8-3 (c) of the General Statutes.[2]
The decision was published in The Redding Pilot on March 22, 2001 (ROR, II-10).
From the adoption of the HMC zone and the regulations, the plaintiff appeals, claiming that the action of the Commission constituted illegal spot zoning and that the decision was not supported by the record.
 AGGRIEVEMENT
The plaintiff, Gilbert Bennett Limited Partnership, is the owner of a forty-four acre parcel known as 1 North Main Street, Georgetown.
By stipulation (Exhibit 2), it was agreed that the plaintiff acquired title to the parcel through a warranty deed, recorded at volume 149, pages 195-205 of the Redding Land Records (Exhibit 3).
The plaintiff has owned the property at all times during this appeal.
The question of aggrievement presents an issue of fact. Hughes v. TownPlanning Zoning Commission, 156 Conn. 505, 508 (1968). CT Page 17165
Pleading and proof of aggrievement are prerequisites to a trial court's jurisdiction over the subject matter of an appeal. Winchester WoodsAssociates v. Planning Zoning Commission, 219 Conn. 303, 307 (1991).
As the owner of the property impacted by the change of zone and the adoption of the regulations, the plaintiff is statutorily aggrieved by the action of the defendant commission. Timber Trails Corporation v.Planning Zoning Commission, 222 Conn. 374, 376 n. 3 (1992); Cole v.Planning Zoning Commission, 30 Conn. App. 511, 515 (1993).
A plaintiff determined to be statutorily aggrieved may challenge the adoption of a change of general application without the necessity of proving injury. Lewis v. Planning Zoning Commission, 62 Conn. App. 284,297 (2001).
Because the plaintiff is statutorily aggrieved, it is unnecessary to determine whether it can also demonstrate classical aggrievement. McNallyv. Zoning Commission, 225 Conn. 1, 8 (1993).
 STANDARD OF REVIEW
When it acts to amend its zoning regulations, a zoning commission sits in a legislative rather than an administrative or quasi-judicial capacity. D J Quarry Products, Inc. v. Planning Zoning Commission,217 Conn. 447, 450 (1991).
It has broad discretion and is free to amend its regulations whenever time, experience and responsible planning for contemporary or future conditions reasonably indicate the need for a change. Kaufman v. ZoningCommission, 232 Conn. 122, 150 (1995).
When acting as a legislative body, a commission is the formulator of public policy, and its discretion is much broader than that of a board sitting in an administrative or quasi-judicial capacity. Malafronte v.Planning Zoning Board, 155 Conn. 205, 209 (1967).
Conclusions reached by the commission must be upheld if they are reasonably supported by the record. The question is not whether the trial court would have reached the same conclusion, but whether the record before the agency supports the decision reached. Calandro v. ZoningCommission, 176 Conn. 439, 440 (1979).
It is, of course, desirable for a zoning authority to state on the record the reasons for its action, not only because of the unambiguous statutory command of General Statutes § 8-3 (c), but because the CT Page 17166 absence of reasons renders review more cumbersome and requires a trial court to search the record to determine a basis for the action taken.A.P.W. Holding Corporation v. Planning Zoning Board, 167 Conn. 182, 186
(1974).
Where, however, an agency has failed to comply with this specific statutory requirement and has not stated reasons to support its action, a reviewing court must search the record to determine whether there is a basis for the decision. Protect Hamden/North Haven from Excessive Traffic Pollution, Inc. v. Planning Zoning Commission, 220 Conn. 527, 544
(1991); Parks v. Planning Zoning Commission, 178 Conn. 657, 661-62
(1979).
Even though the failure to the defendant to state reasons for its action is not fatal, an agency is more likely to be upheld on appeal if it complies with the provisions of the statute and assigns reasons for its actions, rather than abdicating that responsibility. R. Fuller, Land Use Law Practice (Second Edition) § 21.7, p. 461.
The test of the action of a commission in determining a change of zone is twofold: (1) the zone change must be in accordance with the comprehensive plan, and (2) it must be reasonably related to the normal police powers enumerated in § 8-2 of the General Statutes. FirstHartford Realty Corporation v. Plan Zoning Commission, 165 Conn. 533,541 (1973).
The comprehensive plan of a community consists of the zoning regulations themselves and the zoning map. Burnham v. Planning ZoningCommission, 189 Conn. 261, 267 (1983); Damick v. Planning ZoningCommission, 158 Conn. 78, 83 (1969).
A community's comprehensive plan is to be distinguished from its plan of development, or master plan, prepared by the planning commission pursuant to § 8-23 of the General Statutes.[3]
The master plan is merely advisory so far as zoning is concerned. FirstHartford Realty Corporation v. Plan Zoning Commission, 165 Conn. 533, 542
(1973); Faubel v. Zoning Commission, 154 Conn. 202, 207 (1966).
 ACTION OF THE COMMISSION IS NOT SPOT ZONING
In order to sustain a claim of spot zoning, two separate elements must be established: (1) the change in zone must affect only a small area, and (2) the change must be out of harmony with the comprehensive plan. Langerv. Planning Zoning Commission, 163 Conn. 453, 461 (1972); MorningsideAssociation v. Planning Zoning Board, 162 Conn. 154, 161 (1972); MichelCT Page 17167v. Planning Zoning Commission, 28 Conn. App. 314, 319 (1992).
The evil of spot zoning is that it singles out for special treatment a small area, in a way that does not further the comprehensive plan.
Based on the record, the plaintiff has failed to establish either prong of the spot zoning test.
The area consists of forty-four acres and was previously encompassed within two zones: the Historic Village Center (HVC) zone and the Planned Residential Village (PRV) zone.
The area is unique in the town of Redding, a community which is overwhelmingly rural and residential.
The zone adopted by the defendant, Redding Zoning Commission, coupled with the applicable regulations, is an attempt to set aside a unique area in the community for uses other than single-family residential.
The action of the commission is consistent with the comprehensive plan and more fully approaches the advisory plan of conservation and development than did the previous regulations and zones.
 THE COMMISSION'S DECISION FINDS AMPLE SUPPORT IN THE RECORD
The defendant correctly notes that the Commission is not required to submit an application for a change of zone to itself prior to enacting a zone change.
Section 8-3 (a) of the General Statutes provides specific authorization to the Commission for the establishment of zoning districts and classifications.
The record reveals that the zone adopted by the Commission incorporates most of the concepts already in place due to the presence of the HVC and PRV zones.
The property in question is unique, and the zone and accompanying regulations represent an attempt to provide for uses other than single-family residential in an area of the community suited for that purpose.
The property is difficult to develop due to environmental cleanup costs, and the regulations seek to balance the need for open space lands with the desire for profitable development and tax base enhancement. CT Page 17168
It cannot be said that the Commission abused the broad discretion with which it is vested in adopting the Historic Mill Center (HMC) zone.
 CONCLUSION
The appeal of the plaintiff, Gilbert Bennett Limited Partnership, is dismissed.
Radcliffe, J.